**Erick Edward GARCIA, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 69671.**

Missouri Court of Appeals,
Western District.

Dec. 15, 2009.

Nancy A. McKerrow, Columbia, MO, for Appellant.

Shaun J. Mackelprang, Chris Koster, John M. Reeves, Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., VICTOR C. HOWARD, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Presiding Judge.

Erick Edward Garcia appeals the circuit court's dismissal of his Rule 24.035 motion as untimely. Garcia contends that his pro se motion was filed within the 180 day time period required for initiating an action under Rule 24.035(b). We agree.

Garcia pled guilty to one count of statutory rape, and the circuit court accepted the guilty plea. On March 20, 2006, the circuit court sentenced Garcia to twenty-five years imprisonment, and Garcia was delivered into the custody of the Department of Corrections. Thereafter, Garcia allegedly filed a pro se Rule 24.035 motion challenging his guilty plea. Garcia had a

file-stamped copy of the motion reflecting that the motion was file-stamped and received by the circuit court clerk's office on April 17, 2006. The circuit court's docket sheet, however, did not reflect that filing, and the clerk's office of the circuit court did not open a file for the matter. On December 26, 2007, Garcia filed his first amended Rule 24.035 motion. Upon receipt of the amended motion, the clerks' office opened a file for the first time and treated the amended motion as the start of the litigation.

■ Garcia requested an evidentiary hearing, but the circuit court did not grant Garcia's request. On January 24, 2008, the circuit court dismissed Garcia's Rule 24.035 motion as untimely filed. Garcia appealed to this court. In his appeal, Garcia also filed a motion to remand to the circuit court. He asked that we remand the case to the circuit court so that he could be allowed to prove that his pro se Rule 24.035 motion was timely filed. On October 29, 2009, this court granted Garcia's motion to remand and ordered the circuit court "to conduct an evidentiary hearing and make a factual determination as to the actual filing date of [Garcia's] pro se Rule 24.035 motion."

On November 12, 2009, the circuit court held an evidentiary hearing and made these factual findings:

1. Movant's Motion to Vacate pursuant to Rule 24.035 was filed and received in the Cole County Circuit Clerk's office on April 17, 2006.

2. The Clerk's Office filed stamped all copies of Movant's Motion and returned all of them to movant without retaining the original and without opening a file.

3. When Movant filed his amended motion on December 26, 2007, the Clerk's Office first opened a file for the first time and incorrectly treated the amended motion as the start of the litigation.

■ Our review of the motion court's dismissal of Garcia's Rule 24.035 postconviction motion as untimely is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k). The motion court's factual findings and legal conclusions will be deemed clearly erroneous only if, after reviewing the entire record, this court definitely and firmly believes the motion court made a mistake. *Edwards v. State*, 954 S.W.2d 403, 406 (Mo.App.1997).

Although the circuit court's factual findings are not clearly erroneous, the legal conclusion it reaches is clearly erroneous. Garcia's pro se motion was filed with the circuit court on April 17, 2006, which was within the 180 day time period required for initiating an action under Rule 24.035(b). The clerk's office merely made a mistake in returning all of the file-stamped copies including the original to Garcia and in failing to open a case for Garcia. Thus, when Garcia filed his amended motion on December 26, 2007, the clerk's office perpetuated the error by opening a file for the first time and treating the amended motion as the start of the litigation. Therefore, to the extent that the circuit court's judgment concluded that it had to dismiss Garcia's Rule 24.035 motion because it was untimely filed, such legal conclusion was clearly erroneous.

We, therefore, reverse the circuit court's order dismissing Garcia's Rule 24.035 motion as being untimely and remand to the circuit court for further proceedings in accordance with Rule 24.035.

All concur.