

# In the Missouri Court of Appeals
## Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| CLETIST WRIGHT, | ) | No. ED102235 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas J. Prebil |
| | ) | |
| Respondent. | ) | Filed: June 23, 2015 |

### *Introduction*

Cletist Wright (Movant) appeals the judgment entered by the Circuit Court of St. Louis County dismissing his Rule 24.035 motion for post-conviction relief as untimely. Movant contends that he filed his *pro se* motion and amended motion within the time limits under Rule 24.035. The State concedes the motion court erred when it dismissed Movant's motion as untimely. We reverse the motion court's dismissal and remand for further proceedings.

### *Factual and Procedural Background*

On May 28, 2013, Movant pleaded guilty to one count of robbery in the second degree, and on July 1, 2013, the trial court sentenced him to twelve years' imprisonment. On July 3, 2013, Movant was delivered into the custody of the Missouri Department of Corrections (MDOC). Movant did not file a direct appeal from his judgment and sentence. On October 3, 2013, Movant filed his *pro se* Rule 24.035 motion for post-conviction relief. The clerk filed the transcript of Movant's guilty plea and sentencing proceedings on November 7, 2013, and the trial

court appointed counsel to represent Movant on January 31, 2014. On February 18, 2014, appointed counsel filed a motion for additional time to file an amended motion, and the trial court granted the motion. On April 8, 2014, appointed counsel filed Movant's amended Rule 24.035 motion and request for evidentiary hearing.

The motion court granted Movant's request for evidentiary hearing and set the hearing for September 26, 2014. On September 24, 2014, the State filed a motion to dismiss Movant's Rule 24.035 motion as untimely. In its motion, the State alleged that Movant filed his *pro se* motion for post-conviction relief on October 3, 2014, which was more than 90 days after he was delivered into the custody of the MDOC. The State asserted that "[b]ecause Movant filed his Amended Motion out of time, he has completely waived any right to proceed under Rule 24.035 [and his] Amended Motion should be immediately dismissed."[1] Movant filed a response to the State's motion to dismiss on September 25, 2014 and a motion to continue the evidentiary hearing on September 26, 2014. On September 30, 2014, the trial court granted the State's motion to dismiss Movant's Rule 24.035 motion as untimely. Movant appeals.

*Discussion*

"Our review of the motion court's dismissal of [a movant's] Rule 24.035 postconviction motion as untimely is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous." Garcia v. State, 299 S.W.3d 333, 334 (Mo.App.W.D. 2009); Rule 24.035(k). The motion court's factual findings and legal conclusions will be deemed clearly erroneous only if, after reviewing the entire record, this court definitely and firmly believes the motion court made a mistake. Garcia, 299 S.W.3d at 334.

---

[1] We note that in its motion, the State alleges facts to establish that Movant's *pro se* motion was untimely but then asserts that Movant filed his amended motion out of time.

*Discussion*

In his sole point, Movant asserts that the motion court erred in granting the State's motion to dismiss his Rule 24.035 motion as untimely because he timely filed his *pro se* motion and amended motion. Movant requests this court reverse the motion court's dismissal and remand the case for consideration of his motion on the merits. The State concedes that the motion court erred in dismissing Movant's Rule 24.035 motion.

The record reveals that Movant timely filed his *pro se* motion for post-conviction relief. Rule 24.035(b), in pertinent part, provides that if a defendant does not file a direct appeal from his judgment or sentence following a guilty plea, he must file his post-conviction motion within 180 days after he is delivered to the MDOC. Rule 24.035(b). Movant did not file a direct appeal following his guilty plea. Accordingly, he had 180 days after he was delivered into the custody of the MDOC to file his motion for post-conviction relief. Movant was delivered into the custody of MDOC on July 3, 2014. He filed his *pro se* motion for post-conviction relief 92 days later on October 3, 2014. Ninety-two days is within the 180-day time limit. Thus, Movant's *pro se* motion was timely filed.

Movant also timely filed his amended Rule 24.035 motion. Rule 24.035(g) provides, in pertinent part, that if the defendant does not directly appeal his judgment, he must file his amended motion within 60 days of the date that the transcript of the guilty plea and sentencing hearing is filed and counsel is appointed. The rule authorizes the motion court to extend the time for filing an amended motion for "one additional period not to exceed thirty days." Rule 24.035(g). The clerk filed the transcript of Movant's guilty plea and sentencing hearing on November 7, 2013, and the trial court appointed counsel to represent Movant on January 31, 2014. Appointed counsel requested, and the motion court granted, an additional 30 days to file

3

Movant's amended motion. Thus, Movant had until May 1, 2014 to file his amended Rule 24.035 motion. Movant filed his amended motion on April 8, 2014, which was before the filing deadline. Thus, Movant timely filed his amended motion.

Because Movant timely filed both his *pro se* Rule 24.035 motion and amended motion, the motion court clearly erred in dismissing the motion as untimely. Accordingly, we reverse the motion court's dismissal and remand to the motion court for proceedings consistent with this opinion. Point granted.

### *Conclusion*

We reverse the motion court's dismissal and remand to the motion court for proceedings consistent with this opinion.

_____
Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur.

4