

# Missouri Court of Appeals
## Southern District
### Division Two

BRIAN GREEN,                           )
                                       )
    Movant-Appellant,          )
                                       )
vs.                                    )        No. SD33569
                                       )
STATE OF MISSOURI,                     )        Filed December 23, 2015
                                       )
    Respondent-Respondent.     )

APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable W. Keith Currie, Associate Circuit Judge

JUDGMENT VACATED; CAUSE REMANDED WITH DIRECTIONS

Brian Green ("Movant") appeals the denial of his Rule 29.15 post-conviction motion alleging ineffective assistance of counsel in two respects.[1] Because Movant failed to timely file his *pro se* motion as required by Rule 29.15(b), however, he has waived the claims he now asserts on appeal. Accordingly, we vacate the judgment and remand the cause with directions to dismiss Movant's *pro se* motion as untimely.

### Factual and Procedural Background

Following a jury trial, Movant was found guilty of one count of first-degree statutory sodomy, *see* section 566.062, RSMo Cum.Supp. 2006, and sentenced to eighteen years' imprisonment. Following his conviction, the trial court advised Movant of his right to proceed

---

[1] All rule references are to Missouri Court Rules (2015).

1

under Rule 29.15. The trial court further advised that "[a] verified criminal procedure form [number] 40 needs to be filed within 90 days after any mandate is handed down by the appellate court that may affirm to [sic] conviction and sentence" and that the motion court "won't even consider your motion" if filed beyond the time limit. On direct appeal, this court affirmed Movant's conviction in *State v. Green*, 307 S.W.3d 197 (Mo.App. 2010). Our mandate issued April 12, 2010.

One hundred seven days later, on July 28, 2010, Movant filed a *pro se* Rule 29.15 motion for post-conviction relief. On August 2, 2010, the motion court "appoint[ed] the Central Appellate Division for the State Public Defender to represent Movant." On October 29, 2010, appointed counsel filed an entry of appearance and requested an additional thirty days to file an amended motion. The motion court granted counsel's extension that same day. Counsel then filed an amended motion on November 1, 2010.

Nearly two years later, on October 9, 2012, the motion court held a hearing, apparently on its own motion, "on the sole issue of whether or not the original Form 40 PCR Motion was filed timely." At that hearing, Movant stated he was aware his motion was due by July 12, 2010. Movant also apparently testified that he had left his motion with the notary, a prison employee, on July 6, 2010, to be mailed. The motion court requested the attorneys "submit proposed findings of fact and judgment to the court no later than November 9, 2012." Appointed counsel transmitted and filed, on November 9, 2012, a document entitled "Motion to Accept Movant's Form 40 under Rule 29.15 as Timely Filed." Ultimately, the motion court found:

> [A]lthough Movant's Form 40 was untimely, that the delinquency in Movant's filing was caused by circumstances beyond the control of the Movant, in that Movant signed and delivered his Form 40 to DOC personnel on or about July 6, 2010. Therefore, Movant's Motion to Accept Movant's Form 40 Under Rule 29.15 as Timely Filed is granted, the Court accepts the Form 40 Motion as though filed timely, and allows Movant to proceed with his post-conviction efforts.

2

Thereafter, the motion court held a separate evidentiary hearing on the merits of Movant's amended motion. Following that hearing, the motion court issued findings of fact and conclusions of law denying post-conviction relief. This appeal followed.

**Discussion**

Although not raised by either party, it is this court's duty to examine *sua sponte* whether Movant's *pro se* motion complied with the time limits in Rule 29.15. ***Dorris v. State***, 360 S.W.3d 260, 268 (Mo. banc 2012) ("It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue."). "The State cannot waive movant's noncompliance with the time limits in Rules 29.15 and 24.035." ***Id.***

Under Rule 29.15(b), "if an appeal of the judgment or sentence sought to be vacated, set aside or corrected was taken, the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Following affirmance of Movant's conviction on direct appeal, this court's mandate issued on April 12, 2010. Because Movant appealed his conviction, he had ninety days from the date the mandate issued to file a motion for post-conviction relief. Rule 29.15(b). Ninety days after April 12, 2010, is Sunday, July 11, 2010. Therefore, Movant's *pro se* motion was due Monday, July 12, 2010. *See* Rule 44.01(a) ("The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday."). However, Movant's motion was not filed until July 28, 2010—sixteen days after Rule 29.15(b)'s mandatory time limit expired.

Failure to timely file an original *pro se* motion operates as a "complete waiver" of any right to proceed under Rule 29.15 and a "complete waiver" of any claim that could be raised in

3

such a motion. ***Dorris***, 360 S.W.3d at 267-68 (citing Rules 29.15(b) and 24.035(b)). Further, the

burden of pleading and proving timeliness falls upon Movant. ***Id***. at 267 (citing Rule 29.15(i)).

> The movant must *allege facts* showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) *alleging* and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) *alleging* and proving by a preponderance of the evidence *in his amended motion* that the court misfiled the motion.

***Dorris***, 360 S.W.3d at 267 (emphasis added).

Here, Movant did not allege facts showing he timely filed his *pro se* motion under any of

the three acceptable ***Dorris*** methods. His *pro se* motion was file-stamped sixteen days after the

time limit proscribed in Rule 29.15(b). Movant did not allege in his *pro se* motion any facts

supporting that he falls within a recognized exception to the time limit. Finally, Movant's

amended motion fails to address or allege any facts related to the timeliness of his *pro se* motion

in any manner. *See **Vogl v. State***, 437 S.W.3d 218, 227 (Mo. banc 2014) (movant is afforded

opportunity to prove timeliness of his *pro se* motion under third prong of ***Dorris*** where appointed

counsel files a timely amended motion). [2] Because Movant has not pleaded any facts

---

[2] If Movant's initial motion filed on July 28, 2010, had been timely, then Movant's amended motion also would have been timely. *See **Moore v. State***, 458 S.W.3d 822, 825 (Mo. banc 2015) (requiring this court to examine the timeliness of an amended motion). Rule 29.15(g) delineates the timeline for the filing of an amended motion:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

In this case, the former provision applies. As previously stated, our mandate issued on April 12, 2010, and counsel was appointed on August 2, 2010. Counsel filed and was granted a motion for a thirty-day extension on October 29, 2010. Counsel's extended ninety-day deadline expired on Sunday, October 31, 2010. Counsel thereafter filed a timely amended motion on Monday, November 1, 2010. *See* Rule 44.01(a). Although counsel's request for extension of time was filed after the sixty-day time limit, the amended motion was filed within the extended ninety-day deadline and was therefore timely. *See **Federhofer v. State***, 462 S.W.3d 838, 841 (Mo.App. 2015) (so long as amended Rule 24.035 motion was ultimately filed within the extension period, it is immaterial that the request for that extension was filed after the initial sixty-day period); ***Volner v. State***, 253 S.W.3d 590, 592 (Mo. App. 2008) (approving of request filed five days after initial sixty-day time limit when request and amended Rule 24.035 motion

4

establishing timeliness through any one of the three authorized *Dorris* methods, this court has no alternative other than to determine that his *pro se* motion was not timely filed. Because this issue is dispositive, we need not address the merits of Movant's appeal.

**Decision**

Because Movant failed to timely file his initial motion and failed to allege any facts in either his initial motion or his amended motion supporting that he qualified for a recognized exception to the Rule 29.15 filing time limit, he has waived both his right to proceed under Rule 29.15 and any claim that could be raised in such a motion. *See* Rule 29.15(b). In order to enforce this valid and mandatory court rule, we vacate the motion court's judgment and remand with directions to the motion court to dismiss Movant's *pro se* motion as untimely. *See **Dorris***, 360 S.W.3d at 268, 270; ***Swofford v. State***, 323 S.W.3d 60, 63-64 (Mo.App. 2010).

GARY W. LYNCH, J. – Opinion author

NANCY STEFFEN RAHMEYER, J. – concurs

WILLIAM W. FRANCIS, Jr., J. – concurs

---

were both filed "well within the thirty-day extension period"). Rule 24.035(g) mirrors the language set out in Rule 29.15(g) in prescribing the time for filing an amended post-conviction motion following appointment of counsel. Cases analyzing Rule 24.035(g) are applicable here. *See **Price v. State***, 422 S.W.3d 292, 298 (Mo. banc 2014).