

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

DANIAL M. RINEHART,  )
             Appellant,  )
                           )

v.  )  WD78708
                           )

STATE OF MISSOURI,  )  FILED: November 1, 2016
             Respondent.  )

### Appeal from the Circuit Court of Cass County
### The Honorable William B. Collins, Judge

### Before Division One: Anthony Rex Gabbert, P.J., and Thomas H. Newton and Alok Ahuja, JJ.

Daniel Rinehart was convicted in the Circuit Court of Cass County of felony murder in the second degree, child endangerment in the first degree, statutory rape in the second degree, two counts of incest, and two counts of abandonment of a corpse. The charges stemmed from Rinehart's long-standing sexual relationship with one of his daughters, which produced four children, three of whom died without receiving medical care. Rinehart's convictions were affirmed by this Court on November 13, 2012. *State v. Rinehart*, 383 S.W.3d 95 (Mo. App. W.D. 2012). Our mandate issued on December 5, 2012.

Rinehart filed a *pro se* motion for post-conviction relief under Supreme Court Rule 29.15 on March 7, 2013. Counsel was appointed and an amended motion was filed on June 17, 2013. After an evidentiary hearing, the circuit court denied the motion on the merits on April 30, 2015. Rinehart appeals.

The State argues that Rinehart's initial *pro se* post-conviction relief motion was untimely, and that the circuit court therefore had no authority to address the merits of Rinehart's post-conviction claims. We agree.

> In a motion filed pursuant to Rule 29.15, the movant must allege facts showing a basis for relief to entitle the movant to an evidentiary hearing. The movant also must allege facts establishing that the motion is timely filed. The movant then must prove his allegations. Rule 29.15(i); Rule 24.035(i) ("The movant has the burden of proving the movant's claims for relief by a preponderance of the evidence."). In addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rules. The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012) (citations omitted).

The State did not argue in the circuit court that Rinehart's motion was untimely, and the circuit court did not address the issue. Nevertheless, *Dorris* held that "[i]t is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules – even if the State does not raise the issue." *Id.* at 268.

Given the issuance of our mandate on December 5, 2012, Rinehart's initial *pro se* Rule 29.15 motion was due no later than Tuesday, March 5, 2013. Rule 29.15(b). The file stamp on Rinehart's original motion is dated March 7, 2013, however.

Rinehart acknowledges in his Reply Brief that the motion appears to be untimely based on the time stamp affixed by the circuit court. He argues, however, that we should remand the case to the circuit court to determine whether or not his motion was timely. Rinehart contends that the timeliness of his motion "is not

completely clear from the record," based on three circumstances: (1) the fact that the trial court proceeded to address the merits of Rinehart's post-conviction claims without questioning the timeliness of his initial motion; (2) the fact that the copy of the motion sent to the Public Defender's office on March 18, 2013, did not bear a file stamp; and (3) the fact that Rinehart's signature on the motion was notarized on February 27, 2013.

Neither Rinehart's *pro se* motion, nor his amended motion, alleged facts to demonstrate that his initial motion was timely, or that he fell within one of the exceptions to the time limits recognized in *Dorris*. Even assuming that Rinehart could allege such facts for the first time on appeal, none of the circumstances described in Rinehart's Reply Brief establishes a colorable basis to find that his *pro se* motion was timely, or that the untimeliness of the motion should be excused. *First*, although the circuit court addressed Rinehart's post-conviction claims on the merits, the court simply did not consider the timeliness of Rinehart's initial *pro se* motion (presumably because the State did not raise the issue). The circuit court's merits disposition does not constitute an implicit finding that Rinehart's initial motion was timely filed; indeed, the circuit court's order explicitly finds that Rinehart filed his original motion on March 7, 2013 – two days late. *Second*, the lack of a file stamp on the copy of Rinehart's motion provided to the Public Defender likewise tells us nothing concerning the accuracy of the file stamp on the original motion retained in the court file. *Finally*, the fact that Rinehart may have executed the *pro se* motion on February 27, 2013, without more, does not tend to prove when he actually dispatched the motion to the circuit court, much less when the court received it (or how the court processed the motion upon receipt). None of the circumstances discussed in Rinehart's Reply Brief justifies a remand to the circuit court.

Because Rinehart's *pro se* motion was untimely, "the motion court lacked authority to review the merits of [his] claim and should have dismissed the motion as untimely." *Dudley v. State*, 459 S.W.3d 499, 502 (Mo. App. W.D. 2015); *accord*, *Green v. State*, 481 S.W.3d 589, 591-92 (Mo. App. S.D. 2015); *Lenoir v. State*, 475 S.W.3d 139, 142 (Mo. App. E.D. 2014). We accordingly vacate the circuit court's order and remand with directions to dismiss Rinehart's *pro se* motion as untimely.

Alok Ahuja, Judge

All concur.

4