

# In the Missouri Court of Appeals
# Eastern District

**DIVISON TWO**

MICHAEL GREENLEAF,                   )    No. ED103715

                                       )

      Appellant,                    )

                                       )    Appeal from the Circuit Court

                                       )    of St. Louis County

      vs.                            )    Cause No. 14SL-CC04433

                                       )

STATE OF MISSOURI,                 )    Honorable Michael D. Burton

                                       )

      Respondent.                  )    Filed: November 1, 2016

## OPINION

Michael Greenleaf ("Movant") appeals the motion court's judgment denying his Rule 24.035 motion[1] for post-conviction relief without an evidentiary hearing. Movant's motion was untimely filed. Accordingly, we vacate the motion court's judgment and remand the cause with directions to dismiss Movant's motion because it is time-barred.

## I.      Factual and Procedural Background

On March 31, 2014, in case number 14SL-CR02812, a grand jury charged Movant with one count of attempted enticement of a child.[2] On June 19, 2014, Movant pled guilty in 14SL-CR02812, and the plea court sentenced him to five years' imprisonment. At the time of the plea and sentencing, Movant was already incarcerated and serving a 12-year term of imprisonment

---

[1] All references to Rules are to Missouri Supreme Court Rules (2014).

[2] Under § 566.151 RSMo Supp. 2006.

1

after pleading guilty in a different case on May 5, 2014 to six counts of possession of child pornography.[3]

Movant began serving his sentence on June 19, 2014, when he was delivered to the Missouri Department of Corrections.[4] He completed and mailed a pro se Rule 24.035 motion on December 23, 2014. The pro se motion was received by a clerk and filed on December 29, 2014.

## II.     Standard of Review

We will only overrule a motion court's denial of a Rule 24.035 motion if the court's finding of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Stanley v. State*, 420 S.W.3d 532, 539 (Mo. banc 2014). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Stanley*, 420 S.W.3d at 539. Movant bears the burden of showing, by a preponderance of the evidence, that the motion court's ruling was clearly erroneous. *Id.*

## III.     Discussion

Movant's Rule 24.035 motion was untimely filed. However, because the motion court denied the claim on its merits instead of dismissing it, we must vacate the motion court's judgment and remand the cause to the motion court with directions to dismiss Movant's Rule 24.035 motion.

If a defendant does not make a direct appeal of the judgment sought to be vacated, his pro se motion "*shall* be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b) (emphasis added); *see also Wright v. State*, 464

---

[3] All six counts were class B felonies.

[4] Movant contends that his actual date of delivery was June 25, 2014. However, in Movant's original pro se motion, filed on December 29, 2014, and in his amended motion filed on July 6, 2015, Movant pled that he was delivered to the Department of Corrections on June 19, 2014.

2

S.W.3d 526, 528 (Mo. App. E.D. 2015). (emphasis added). Time limits for post-conviction relief motions are mandatory. *Stanley*, 420 S.W.3d at 540; *see also Dorris v. State*, 360 S.W.3d 260, 266-67 (Mo. banc 2012) (explaining that the word "shall" generally connotes a mandatory duty, and mandatory duties prescribed by rules or statutes "must be obeyed."). A movant's failure to file a Rule 24.035 motion within 180 days of the date he is delivered to the custody of the Department of Corrections results in the movant's *complete waiver* of his right to proceed on that motion. *Dorris*, 360 S.W.3d at 266-67. A "complete waiver" means "a total, absolute relinquishment of a legal right." *Id*. at 267-68.

Movant never made a direct appeal of his conviction. Accordingly, Movant was required to file a pro se motion within 180 days from the date he was delivered to the Missouri Department of Corrections (June 19, 2014), making his deadline date to file his motion December 16, 2014. *See* Rule 24.035(b). Movant contends that the motion court's ruling contained an error and Movant was not actually delivered into the Department of Corrections until June 25, 2014, which would extend his deadline date to December 22, 2014. Whether Movant was delivered into custody on June 19, 2014 or June 25, 2014 is immaterial. Movant's pro se motion was not filed until December 29, 2014, thus, it would be considered untimely in either circumstance.

We are required to enforce the mandatory court rules created by the Supreme Court of Missouri. *Dorris*, 360 S.W.3d at 268. Our Court cannot waive Movant's non-compliance with the time limits imposed by Rule 24.035. *Id.* However, the Supreme Court of Missouri has also crafted three exceptions to Rule 24.035(b): "(1) when the motion was delivered to the court so it would be filed within the time limits of the Rules but the court lost or misfiled the motion; (2) when post-conviction counsel abandoned the movant, i.e. 'improperly act[ed] or fail[ed] to act to

3

the movant's detriment'; and (3) 'in very rare circumstances' where 'an improper filing, caused by circumstances beyond the control of the movant, justified a late receipt of the motion by the proper court.'" *Wiley v. State*, 368 S.W.3d 236, 238 (Mo. App. E.D. 2012). (quoting *Moore v. State*, 328 S.W.3d 700, 702-03 (Mo. banc 2010)) (citing *Dorris*, 360 S.W.3d at 267).

Here, Movant does not argue that any of the three exceptions are applicable. Rather, he requests our leniency because the motion would only be seven days late, if Movant was not delivered to the Department of Corrections until June 25, 2014.[5] We do not have discretion on this matter, however. Because Movant failed to file his Rule 24.035 motion within 180 days of the date he was taken into custody and the three judicially created exceptions are inapplicable, we must remand the cause for dismissal.

Although the motion court correctly noted Movant's claim was "time barred from relief under Rule 24.035," it clearly erred by denying Movant's motion instead of dismissing it. Accordingly, we must vacate its judgment and remand with directions to dismiss Movant's petition. "Where the circuit court improperly considers the merits of claims that are time-barred by Rule 24.035, the proper disposition on appeal is to vacate the judgment and remand with instructions to dismiss." *State v. Johnson*, 422 S.W.2d 430, 433 (Mo. App. W.D. 2013).

___

[5] The 180 day period would start on June 25, 2014 and end on December 22, 2014 in this scenario. Movant's motion was not filed until December 29, 2014. Moreover, Movant concedes he did not mail and complete the motion until December 23. Movant, in the alternative, requests that we remand his cause for an evidentiary hearing to determine if the late pro-se motion should be considered timely for "considerations of due process." However, Missouri courts have consistently found that untimely filing of a movant's Rule 24.035 motion procedurally bars it from consideration. *Dorris*, 360 S.W.3d at 266-67. Like all other States, Missouri has "substantial discretion" to develop and implement programs for prisoners seeking post-conviction review, and the time limitation contained in Rule 24.035 is "valid and mandatory." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987)).

## IV. Conclusion

For the foregoing reasons, the motion court's judgment denying Movant's Rule 24.035 motion without an evidentiary hearing is vacated. We remand the cause to the motion court with directions to dismiss Movant's Rule 24.035 motion.

_____
Colleen Dolan, Judge

Sherri B. Sullivan, P.J., concurs.
Roy L. Richter, J., concurs.