**Claude Dale BROOKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 103980**

Missouri Court of Appeals,
Eastern District,
**DIVISION ONE.**

April 18, 2017

---

Matthew W. Huckeby, Missouri Public Defender Office, St. Louis, MO, for Appellant.

Joshua D. Hawley, Attorney General, Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

## OPINION

ROBERT M. CLAYTON III, Presiding Judge

Claude Dale Brooks ("Movant") appeals the judgment denying his Rule 29.15[1] motion for post-conviction relief after an evidentiary hearing. Because Movant's pro se Rule 29.15 motion was untimely filed, we vacate the motion court's judgment and remand the cause with directions to dismiss Movant's motion.

1. All references to Rules are to Missouri Supreme Court Rules (2016).

## I. BACKGROUND

In August 2011, Movant was charged by complaint with second-degree robbery. Movant's trial counsel then filed a motion for a bench trial, and a bench trial was held on October 30, 2012. The trial court subsequently entered a verdict and judgment finding Movant guilty of second-degree robbery, and the court sentenced Movant to twenty-five years of imprisonment.

Movant then filed a direct appeal in this Court. Our Court issued a 2–1 decision vacating Movant's conviction for second-degree robbery, entering a conviction for the lesser offense of stealing, and remanding the matter to the trial court for re-sentencing. *State v. Brooks*, 2014 WL 606526, at *1–7 (Mo. App. E.D. 2014). The State filed an application for transfer in the Missouri Supreme Court, and the Supreme Court entered an order granting the State's application and ordering the cause to be transferred.

The Missouri Supreme Court subsequently issued a decision affirming Movant's conviction for second-degree robbery, and the Supreme Court's mandate was issued on December 3, 2014. *State v. Brooks*, 446 S.W.3d 673, 674–77 (Mo. banc 2014).

On March 16, 2015, which was 103 days after the Supreme Court issued its mandate in Movant's direct appeal, Movant filed a pro se Rule 29.15 motion for post-conviction relief. The motion court then appointed post-conviction counsel for Movant, and counsel filed an amended Rule 29.15 motion on Movant's behalf. Following an evidentiary hearing, the motion court entered a judgment denying Movant's Rule 29.15 motion for post-conviction relief. Movant appeals.

## II. DISCUSSION

■ On appeal, Movant claims the motion court clearly erred in denying his Rule 29.15 motion for post-conviction relief. In response, the State contends Movant's motion should have been dismissed because his pro se motion was not timely filed. Even though that argument was not presented to the motion court, the timeliness of a movant's post-conviction motion cannot be waived by the State, and our Court must consider whether the timeliness requirement of Rule 29.15 was satisfied on appeal. *See Asher v. State*, 390 S.W.3d 917, 918 (Mo. App. E.D. 2013) (finding similarly with respect to the timeliness requirement of Rule 24.035).

■ Rule 29.15(b) provides that if a person, like Movant, appeals a judgment or sentence after a trial, his motion for post-conviction relief "shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Rule 29.15(b); *see* Rule 29.15(a). Rule 29.15(b) further provides that a person's failure to file his motion for post-conviction relief within the 90-day time limit "shall constitute a complete waiver of any right to proceed under [ ] Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to [ ] Rule 29.15." Rule 29.15(b). Moreover, when a pro se motion is considered untimely filed under Rule 29.15(b), the motion court lacks authority to review the merits of the motion and should dismiss it as untimely. *Rinehart v. State*, 503 S.W.3d 287, 289–90 (Mo. App. W.D. 2016); *see Greenleaf v. State*, 501 S.W.3d 911, 913 (Mo. App. E.D. 2016) (similarly finding with respect to an untimely filed Rule 24.035 pro se motion).

■ A movant has the burden of pleading and proving timeliness. *Green v. State*, 481 S.W.3d 589, 591 (Mo. App. S.D.

2015) (citing *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012)).

The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original pro se motion so that the time stamp on the file reflects that it is within the time limits proscribed in the [applicable post-conviction rule]; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Green*, 481 S.W.3d at 591 (emphasis omitted) (quoting *Dorris*, 360 S.W.3d at 267). In *Price v. State*, the Missouri Supreme Court discussed a recognized exception to the time limits of the post-conviction rules, finding:

[W]here an inmate writes his initial post-conviction motion and takes every step he reasonably can within the limitations of his confinement to see that the motion is filed on time, a motion court may excuse the inmate's tardiness when the active interference of a third party beyond the inmate's control frustrates those efforts and renders the inmate's motion untimely.

422 S.W.3d 292, 302 (Mo. banc 2014).

In this case, Movant has failed to allege facts showing he timely filed his pro se Rule 29.15 motion under any of the three acceptable methods set forth in *Green* and *Dorris*. First, Movant has failed to timely file his original pro se motion so that the time stamp on the file reflects it is within the time limits proscribed in the Rule. Because the Supreme Court issued its mandate affirming Movant's judgment and sentence on December 3, 2014, Movant's Rule 29.15 motion for post-conviction relief had to be filed within 90 days, which was on or before March 3, 2015. *See* Rule 29.15(b). However, Movant's pro se motion was not filed until 103 days after December 3, 2014, on March 16, 2015.

Movant has also failed to allege or prove by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits of Rule 29.15(b), including the exception set forth in *Price*. And finally, Movant's amended Rule 29.15 motion does not allege or prove that the motion court misfiled his pro se motion.

Based on the foregoing, Movant's pro se Rule 29.15 motion is considered untimely under Rule 29.15(b). *See* Rule 29.15(b); *Green*, 481 S.W.3d at 591–92; *see also Dorris*, 360 S.W.3d at 267. Accordingly, the motion court lacked authority to review the merits of the motion and should have dismissed it as untimely. *Rinehart*, 503 S.W.3d at 289–90; *see Greenleaf*, 501 S.W.3d at 913.

### III. CONCLUSION

The motion court's judgment is vacated and the cause is remanded with directions to the motion court to dismiss Movant's Rule 29.15 motion for post-conviction relief. *See Rinehart*, 503 S.W.3d at 290; *Greenleaf*, 501 S.W.3d at 913–14; *see also Green*, 481 S.W.3d at 592.

Mary K. Hoff, J., and

Lisa P. Page, J., concur.