**Christopher J. WADEL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**WD 79502**

Missouri Court of Appeals,
Western District.

Opinion filed: July 25, 2017

Susan L. Hogan, Kansas City, for Appellant.

Evan J. Buchheim, Jefferson City, for Respondent.

Before Division Four: Mark D. Pfeiffer, Chief Judge, Victor C. Howard, Judge and James E. Welsh, Judge

### VICTOR C. HOWARD, JUDGE

Christopher Wadel appeals the Bates County Circuit Court judgment denying his Rule 29.15 motion for post-conviction relief. His three points on appeal claim the trial court clearly erred in denying his motion. The State argues that Wadel's *pro se* motion for post-conviction relief was not timely. This court agrees. The motion court's judgment is vacated, and this case is remanded with instructions to dismiss Wadel's post-conviction motion.

In December 2011, Wadel was convicted of two counts of statutory sodomy in the first degree, one count of statutory rape in the first degree, and two counts of endangering the welfare of a child in the first degree. He was sentenced in February 2012 to ten years in prison on the counts of statutory sodomy and statutory rape and seven years in prison on the counts of child endangerment. The sentences were ordered to run concurrently with one another. Wadel appealed his convictions and sentences to this court.

On April 30, 2013, this court affirmed Wadel's convictions in *State v. Wadel*, 398 S.W.3d 68 (Mo. App. W.D. 2013). This court issued its mandate on May 22, 2013. Wadel filed his *pro se* motion for post-conviction relief on September 9, 2013. The circuit court appointed counsel and granted an extension of time on September 10,

2013. Counsel from the Public Defender's office entered her appearance on September 27, 2013, and filed an amended post-conviction motion in December 2013. A hearing occurred in November 2015. The motion court denied Wadel's post-conviction motion on February 3, 2016. This appeal followed.

Rule 29.15(b) states that if an appeal of the underlying conviction was taken, "the motion shall be filed within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." It further states that "[f]ailure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." Wadel's *pro se* motion was filed 110 days after this court's mandate issued in the appeal of the underlying case.[1] It was not timely.

█ The State raised this issue for the first time in its response brief in this case. The issue of timeliness was not raised before the motion court. Nonetheless, the motion court lacked authority to hear Wadel's post-conviction motion "regardless of the State's failure to raise the issue." *Dorris v. State*, 360 S.W.3d 260, 263 (Mo. banc 2012).

█ In addition to proving his substantive claims, a post-conviction movant "must show he filed his motion within the time limits provided in the Rules." *Id.* at 267.

The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it

is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Id.* Wadel did none of these things.

The motion court's judgment states that this court affirmed Wadel's conviction on April 30, 2013. It then states: "The Movant timely filed his Motion to Vacate on April 30, 2013." Its next finding is that the timely amended motion was filed on December 9, 2013. This court is unsure why the motion court stated the post-conviction motion was filed on April 30, 2013. Both the docket sheet and the file stamp indicate the *pro se* motion was filed on September 9, 2013. The motion was filed on September 9. *See Federhofer v. State*, 462 S.W.3d 838, 841 n.4 (Mo. App. E.D. 2015).

The *in forma pauperis* affidavit part of the *pro se* motion was notarized July 20, 2012. The motion indicated that Wadel had appealed but the result of the appeal and the date the mandate was issued were not provided (presumably because the appeal was still pending). This does not change the filing date of the motion, though. The fact that Wadel may have executed the *pro se* motion on July 20, 2012, "without more, does not tend to prove when he actually dispatched the motion to the circuit court, much less when the court received it (or how the court processed the motion upon receipt)." *Rinehart v. State*, 503 S.W.3d 287, 289–90 (Mo. App. W.D. 2016).

Some discussion of the Missouri Supreme Court's recent decision in *Watson v. State*, SC95665, 520 S.W.3d 423, 2017 WL

---

1. The amended post-conviction motion states this court's mandate in the appeal of the underlying case issued on May 25, 2013. This court does not know where that date came from, but it does not make a difference to our analysis. The *pro se* motion was untimely even if the mandate issued on May 25 as opposed to May 22.

1629372, at \*15 (Mo. banc May 2, 2017) is needed. In *Watson*, the trial judge told the defendant he had 180 days from his date of delivery to the Department of Corrections or else he would waive his rights under Rule 29.15. *Watson* at 426–27, 2017 WL 1629372, at \*1. The defendant was not delivered to the Department of Corrections after sentencing. *Id.* at 427–28, 2017 WL 1629372, at \*2. He appealed and his conviction was affirmed. *Id.* at 426–27, 2017 WL 1629372, at \*1. The defendant filed a *pro se* motion for post-conviction relief sixteen months after the appeals mandate was issued. *Id.* The defendant argued he relied on the trial court's statement about having 180 days from the date of delivery to the Department of Corrections. *Id.* at 427–28, 2017 WL 1629372, at \*2. The Missouri Supreme Court held:

> [T]his case presents a new, limited exception in which an untimely post-conviction motion will be excused when the circuit court misinforms a defendant about the appropriate deadlines to file his or her motion during the sentencing colloquy. Accordingly, this Court holds that, although Watson filed an untimely Rule 29.15 motion, the untimeliness is excused because the circuit court misinformed him about the appropriate deadlines to file his motion during his sentencing colloquy and he was entitled to rely upon this misinformation when determining the filing deadline.

*Id.* at 434, 2017 WL 1629372, at \*8. After Wadel was sentenced, the following exchange occurred:

> Mr. Wadel, at this time I need to advise you of your rights pursuant to Supreme Court Rule 24.035. In that regard, your attorney has handed me what the Court has marked as Court's Exhibit A, Post Conviction Relief Rights Notice. This is a single sheet of paper with printing on both sides. Have you read Exhibit A, sir?
>
> THE DEFENDANT: Yes, sir.

THE COURT: Did you go over the exhibit with [defense counsel]?

THE DEFENDANT: Yes, sir.

THE COURT: Did he answer any questions and all questions that you had about the document?

THE DEFENDANT: Yes, sir.

THE COURT: Is that your signature on the backside of the document?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Wadel, if you've read this, you should understand that you have 180 days from the day you're delivered to the custody of the Missouri Department of Corrections within which to file a motion challenging the constitutionality, legality, and regularity of the sentence and judgment of the Court. If you fail to file such a motion within that time period, you will be forever barred in seeking relief. And I said 24.035 and I should have said 29.15. This is following a jury trial. So I misspoke. But it speaks to both—both rules. But 29.15 is the operative rule, sir.

· · ·

The Court will take into evidence Court's Exhibit A.

(AT THIS TIME COURT'S EXHIBIT A WAS RECEIVED INTO EVIDENCE AND MADE A PART OF THIS RECORD.)

Mr. Wadel, you've been provided a copy of Exhibit A, haven't you?

[DEFENSE COUNSEL]: Yes, he—

THE DEFENDANT: Yes, Your Honor.

THE COURT: I want you to keep the copy, take it with you to the Department of Corrections, and refer to it in determining your rights under Rule 29.15.

As in *Watson*, the sentencing court told Wadel that he had 180 days after being delivered to the Department of Corrections to file his post-conviction motion. However, the sentencing court also gave

Wadel a document titled Post Conviction Relief Rights Notice. This document clearly explains the 90 day filing deadline after an appeal mandate is issued. The *Watson* court stated that "a prudent sentencing court should *either* provide the defendant with a copy of Rule 29.15 or Rule 24.035 *or* recite the precise language contained in Rule 29.15(b) regarding the deadlines." *Id.* at 434, 2017 WL 1629372, at *8 n.4 (emphasis added). The trial court provided a copy of the correct information.

Further, the court in *Watson* acknowledged that a movant filing an untimely motion "must allege facts showing 'and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits.'" Id. at 429, 2017 WL 1629372, at *3 (quoting *Dorris*, 360 S.W.3d at 267). The defendant in *Watson* alleged he relied on the sentencing court's statement about having 180 days. Wadel did not.

Finally, even if Wadel had relied on the sentencing court's statement, his post-conviction motion was still untimely. In *Watson*, the defendant was not delivered to the department of corrections after his conviction. *Id.* at 427–28, 2017 WL 1629372, at *2. Instead, he was "detained in the Saint Louis City Justice Center to undergo a pretrial psychiatric examination to determine his competency to stand trial for [a] separate offense." *Id.* Watson was "adjudicated incompetent to stand trial for the separate offense and ordered committed to the custody of the department of mental health." *Id.* "The separate offense had not yet been disposed of at the time of Watson's *pro se* filing." *Id.*

In contrast, Wadel states in his *pro se* motion that he was delivered to the Department of Corrections on March 5, 2012. He did not file his *pro se* motion until September 9, 2013. This was eighteen months later, well after 180 days.

Wadel's *pro se* motion was untimely. Thus, "the motion court lacked authority to review the merits of [his] claim and should have dismissed the motion as untimely." *Rinehart*, 503 S.W.3d at 290 (internal quotation omitted). We accordingly vacate the circuit court's order and remand with directions to dismiss Wadel's *pro se* motion as untimely.

All concur.

