

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

NORRIS E. PAYNE, JR.,           )
                               )
            Appellant,          )
                               )
v.                             )          WD83228
                               )
STATE OF MISSOURI,              )          Opinion filed:  November 24, 2020
                               )
            Respondent.         )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE JOEL P. FAHNESTOCK, JUDGE**

Division Two:  Karen King Mitchell, Presiding Judge,
Anthony Rex Gabbert, Judge and W. Douglas Thomson, Judge

Norris E. Payne, Jr. ("Payne") appeals from the Circuit Court of Jackson County's denial of his Rule 24.035[1] motion after an evidentiary hearing.  Although the motion court ruled on Payne's Rule 24.035 motion, we find that Payne filed his *pro se* motion out of time.  Because Rule 24.035 states that failure to file a motion within the time provided by the Rule "shall constitute a complete waiver of any right to proceed under this Rule and a complete waiver of any claim that could be raised in a motion filed under this Rule," the motion court had no authority to hear the

---

[1] All Rule references are to Missouri Rules of Civil Procedure (2017), unless otherwise indicated.

motions.[2]  Accordingly, we vacate the judgment and remand the cause with directions to dismiss Payne's *pro se* motion as untimely.

## Factual and Procedural History

On October 16, 2015, Payne was indicted on four offenses including first-degree assault, armed criminal action, unlawful use of weapon, and leaving the scene of a shooting.  On January 22, 2016, Payne was indicted in a separate case on first-degree robbery and armed criminal action.  On July 11, 2016, pursuant to a plea agreement addressing both cases, Payne pled guilty to four charges: first-degree assault, first-degree robbery, and two counts of armed criminal action.  The State dismissed the charges of unlawful use of a weapon and leaving the scene of a shooting.  The plea court accepted Payne's guilty pleas and sentenced him to a total of 18 years imprisonment in the Missouri Department of Corrections ("DOC"), with all sentences to run concurrently.[3]

On July 12, 2016, Payne was delivered to the custody of the DOC.

One hundred eighty-four days later, on January 12, 2017, Payne filed his Rule 24.035 *pro se* motion.  Payne's amended motion was filed on May 1, 2018, and was timely filed in accordance with the trial court's grant of an extension of time.  An evidentiary hearing was held to address the merits of Payne's motion after which the trial court denied Payne's motion for post-conviction relief on the merits.

Regarding the timeliness of Payne's original 24.035 motion, the motion court stated that "[a]t the time of Movant's initial filing, Rule 24.035(b) mandated that any

---

[2] *Dorris v. State*, 360 S.W.3d 260, 263 (Mo. banc 2012).
[3] The trial court also revoked Payne's probation in unrelated cases.

2

*pro se* motion filed under Rule 24.035 must be filed within 180 days of delivery to the Department of Corrections." The trial court found the motion was postmarked on what appeared to be "either January 6 or 8, 2017 – either of which would have been within the permitted 180-day time period." In making this determination, the motion court relied on the amendment to Rule 24.035(b), *effective July 1, 2017*, which provides the motion is timely if it is mailed and postmarked within 180 days from the date of incarceration.[4]

Payne appeals the underlying decision of the motion court. Further factual details will be outlined as relevant in the analysis below.

## Timeliness of Payne's *Pro Se* Rule 24.035 Motion

We do not reach the merits of Payne's appeal as we must address the State's contention that Payne's *pro se* motion was not timely filed, an issue the State raises for the first time on appeal.[5] The State argues that Payne's claims were waived as a result of the late filing. We agree.

Rule 24.035(b) sets forth the time requirements to which a movant must adhere in filing a motion for post-conviction relief. *Until July 1, 2017*, Rule 24.035(b) stated in pertinent part as follows:

---

[4] The motion court also noted that Payne's signature had been notarized prior to the 180-day filing deadline. We observe nothing in 24.035 which makes the notarization date of *pro se* motions relevant to the timeliness of the filed motion.

[5] It is of no relevance the State asserts the timeliness issue for the first time on appeal. The purpose of Rule 24.035 is to provide a prompt review of any deficiency in the judgment or sentence. *Swallow v. State*, 398 S.W.3d 1, 4 (Mo. banc 2013). "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules – even if the State does not raise the issue." *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012). Ultimately, it is "of no consequence that the State did not previously raise the issue, because the State cannot waive the requirement that the movant timely file." *Henderson v. State*, 372 S.W.3d 11, 15 (Mo. App. W.D. 2012).

3

If no appeal of [the sentencing court's] judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections…. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035. [6]

*Effective July 1, 2017*, Rule 24.035(b) was amended to read in pertinent part as follows:

If no appeal of [the sentencing court's] judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections…. *If the motion is sent to the sentencing court by first-class United States Mail and is addressed correctly with sufficient postage and deposited in the mail on or before the last day for filing the motion, the motion shall be deemed to be filed timely.* …. Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.[7] (emphasis ours)

Here, the applicable due date for movant's motion was clearly contained in the version of Rule 24.035 effective *until* July 1, 2017. His *pro se* motion was required to be filed by January 8, 2017. Hence, his *pro se* motion filed on January 12, 2017, was four days late. The version of Rule 24.035 which includes the mailbox rule did not take effect until July 1, 2017. The trial court's reliance on the post-July 1, 2017, version of Rule 24.035 was clearly in error.

---

[6] Here, no appeal was taken from the sentencing court's action and thus the 180-day rule is applicable.

[7] The post-July 1, 2017, rule added what is commonly known as the "mailbox rule", meaning that a movant's motion is timely if postmarked by the 180th day. Appellant and Respondent make use of this shorthand and we do likewise.

Further, the burden of pleading and proving facts showing the motion was timely filed rests with the movant. *Dorris v. State,* 360 S.W.3d 260, 268 (Mo. banc 2012). There is no question when his incarceration commenced. The one hundred eighty-day window in which to file his *pro se* motion commenced on July 12, 2016, based on Payne's own, sworn pleading which asserts that he was delivered to the custody of the DOC on that date. This was one hundred eight-four days prior to the filing of his *pro se* motion. Accordingly, Payne's original 24.035 motion was untimely under the version of 24.035 in effect during his entire window of opportunity to file said motion.[8]

When a movant fails to file the Rule 24.035 motion in a timely manner, "the result is a complete waiver of the right to proceed under the rule, and neither the motion court nor the appellate court has authority to consider the merits of a claim raised in an untimely-filed post-conviction motion." *Miley v. State*, 559 S.W.3d 97, 99 (Mo. App. E.D. 2018) (citing *State v. Gibbs*, 418 S.W.3d 522, 524 (Mo. App. E.D. 2013)). Neither does Payne's amended motion cure the untimeliness of his original motion. "[A]n untimely *pro se* motion for post-conviction relief is a fatal defect that cannot be cured by filing a timely amended motion." *Swofford v. State*, 323 S.W.3d 60, 62 (Mo. App. E.D. 2010). Here, the motion court granted Payne the relief requested when asked for additional time to file an amended 24.035 motion. This

---

[8] The Missouri Supreme Court "has recognized a narrow exception that excuses the untimely filing of a *pro se* motion under Rule 24.035 . . . 'when the *active interference* of a third party beyond the inmate's control frustrates th[e] [inmate's] efforts and renders the inmate's motion untimely.'" *Propst v. State*, 535 S.W.3d 733, 735 (Mo. banc 2017) (quoting *Price v. State*, 422 S.W.3d 292, 302 (Mo. banc 2014) (emphasis added by *Propst*)). Payne has not argued that this narrow "active interference" exception is applicable here, nor has he alleged any facts which might implicate the exception.

grant, however, in no way cures the initial failure to file his motion in a timely manner.

Finally, considering its purpose, "[t]he time filing deadlines for post-conviction relief are mandatory, and cannot be waived." *Eckert v. State*, 591 S.W.3d 903, 906 (Mo. App. W.D. 2019) (quoting *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018)). Neither the trial court nor this court may waive this fatal mistake.

Failure to timely file a Rule 24.035 motion constitutes a "complete waiver of any right to proceed" under that rule. Rule 24.035(b). Because Payne's *pro se* motion was untimely, "the motion court lacked authority to review the merits of his claim and should have dismissed the motion as untimely." *Rinehart v State*, 503 S.W.3d 287, 289 (Mo. App. W.D. 2016) (citations omitted). Accordingly, we vacate the circuit court's order and remand with directions to dismiss Payne's 24.035 motion as untimely. *Id.*

## Conclusion

For the reasons stated, we vacate the circuit court's order and remand the cause to the motion court with directions to enter its order dismissing Payne's Rule 24.035 motion as being untimely filed.[9]

W. DOUGLAS THOMSON, JUDGE

All concur.

---

[9] In his appeal, Payne alleged violations of his rights to due process of law and effective assistance of counsel, as guaranteed by the United States and Missouri constitutions. Because we lack jurisdiction over his motion, we cannot consider the merits of these arguments.