

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

GARRON T. BRIGGS,

                                Appellant,

v.

STATE OF MISSOURI,

                                Respondent.

)
)
)
)
)
)
)
)
)
)
)

**WD82991**

**OPINION FILED:**
**February 9, 2021**

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable David M. Byrn, Judge**

**Before Division Three:** Karen King Mitchell, Presiding Judge, and
Gary D. Witt and Anthony Rex Gabbert, Judges

Garron Briggs appeals the denial of his Rule 29.15[1] motion for post-conviction relief,

following an evidentiary hearing, wherein he raised multiple claims of ineffective assistance of

trial counsel. Briggs raises four points on appeal, each challenging the motion court's ruling on a

different claim made in his amended motion. The State urges us to dismiss this appeal for lack of

a final, appealable judgment, arguing that, because Briggs's amended motion was untimely and

filed by privately retained counsel, the motion court's review was limited to Briggs's *pro se*

motion; and because the motion court did not issue any findings of fact or conclusions of law on

---

[1] All rule references are to the Missouri Supreme Court Rules (2017), unless otherwise noted.

Briggs's *pro se* claims, the judgment it did issue is neither final nor appealable. We agree with the State and dismiss this appeal.

## Background

Based upon his involvement in a home invasion leading to the death of Edward Ewing and injury of Kristen Forbush, Briggs was convicted by a jury of first-degree murder, § 565.020, first-degree assault, § 565.050, and two counts of armed criminal action, § 571.015. *State v. Briggs*, 537 S.W.3d 379, 379 (Mo. App. W.D. 2018). On March 7, 2016, the trial court sentenced Briggs to life without parole on the first-degree murder charge, thirty years on the assault charge, and ten years on each count of armed criminal action. The court ordered the sentences for the murder and accompanying armed criminal action counts to run concurrently with each other, but consecutive to the concurrent thirty- and ten-year sentences imposed for assault and its accompanying armed criminal action count. Briggs unsuccessfully sought a direct appeal from his convictions and sentences, and this court's mandate affirming those convictions and sentences issued on January 31, 2018. *Briggs*, 537 S.W.3d at 379.

On April 23, 2018, Briggs filed a *pro se* Rule 29.15 motion for post-conviction relief. In that motion, Briggs raised the following claims: (1) ineffective assistance of trial counsel for failing to (a) call alibi witnesses, (b) object to hearsay testimony, (c) discover Kyesia Ransom's video statement, (d) object to a narrative report, and (e) expose police misconduct; (2) a *Brady* violation by the State in failing to disclose Ransom's video statement; and (3) ineffective assistance of appellate counsel for failing to raise a properly preserved hearsay objection on direct appeal. On August 15, 2018, the motion court appointed the public defender to assist Briggs and granted an automatic thirty-day extension, making the amended motion due no later than November 13, 2018. On September 20, 2018, privately retained counsel entered an appearance

and separately requested a thirty-day extension (up to and including November 13, 2018) in which to file the amended motion. The motion court granted retained counsel's requested extension and ordered the amended motion filed on or before November 13, 2018.

On October 23, 2018, retained counsel filed a motion requesting a second thirty-day extension in which to file the amended motion, up to and including December 13, 2018. The motion court granted the requested second extension, ordering the amended motion to be filed on or before December 13, 2018. Retained counsel filed the amended motion on December 10, 2018. The amended motion argued that trial counsel was ineffective for: (1) failing to use a peremptory strike to remove Juror 17 from the venire panel; (2) failing to advise Briggs to accept the State's plea bargain offer; (3) opening the door to otherwise inadmissible evidence of other crimes; (4) failing to object to hearsay testimony; and (5) failing to object when the prosecution asked a defense witness to comment on the credibility of another witness. The motion court thereafter held an evidentiary hearing on the claims in the amended motion and subsequently issued findings of fact and conclusions of law, rejecting each of the claims raised in the amended motion. Briggs appeals.

### Analysis

Though Briggs raises four points on appeal, we must first address the State's argument that we lack jurisdiction due to the absence of a final, appealable judgment. The State's argument is premised on the timeliness of Briggs's amended motion.

"Time limits for post-conviction relief motions are mandatory." *Maguire v. State*, 536 S.W.3d 247, 248 (Mo. App. E.D. 2017) (quoting *Greenleaf v. State*, 501 S.W.3d 911, 912 (Mo. App. E.D. 2016)). And we must "enforce the mandatory rules created by the Supreme Court of Missouri." *Id.* "Failing to abide by the Rule's [time limits] generally functions as a complete

3

waiver" of the right to seek review. *Id*. (quoting *Norman v. State*, 509 S.W.3d 846, 848 (Mo. App. E.D. 2017)).

The version of Rule 29.15(g) applicable to Briggs's claims[2] provided that,

[i]f an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and:

(1) Counsel is appointed, or

(2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Here, Briggs filed a direct appeal, and this court's mandate issued on January 31, 2018. After Briggs filed his *pro se* motion, the motion court appointed counsel on August 15, 2018, which would have made the amended motion due no later than October 15, 2018. Rule 29.15(g), however, permits the court to grant a single thirty-day extension of time in which to file the amended motion. And, here, when appointing the public defender to Briggs's case, the motion court also automatically granted the thirty-day extension permitted by Rule 29.15(g), making the amended motion due no later than November 13, 2018.

Despite the motion court's appointment of the public defender, Briggs retained private counsel, and private counsel entered their appearance on September 20, 2018.[3] Private counsel requested a thirty-day extension of time in which to file the amended motion but limited the request to the already-granted deadline of November 13, 2018. Rather than file the amended motion on that date, private counsel requested a second thirty-day extension in which to file the amended

---

[2] The December 31, 2017 version of the rule is the applicable version, as Briggs was sentenced after January 1, 1996, but before January 1, 2018. *Compare* Rule 29.15(m) (2017) *with* Rule 29.15(m) (2018).

[3] Although Briggs ultimately retained private counsel, the motion court's appointment of the public defender on August 15, 2018, triggered the start of the time limit for Briggs's amended motion. *Maguire v. State*, 536 S.W.3d 247, 249 (Mo. App. E.D. 2017) (noting that, where counsel was initially appointed, it was the appointment date, rather than a subsequent entry of appearance by privately retained counsel, that triggered the time limits of Rule 29.15(g)).

4

motion, up to and including December 13, 2018, which the motion court granted. But "[o]ur Supreme Court has made it clear that '[a] motion court has *no authority* to extend [the] time limit for filing an amended motion' beyond what the rules allow." *Maguire*, 536 S.W.3d at 248 (quoting *Stanley v. State*, 420 S.W.3d 532, 541 (Mo. banc 2014)). Though the current version of Rule 29.15(g) allows for up to two thirty-day extensions of time, the version applicable to Briggs's post-conviction motion did not. Thus, when private counsel filed the amended motion on December 10, 2018, it was untimely.[4]

When a movant files an untimely amended motion, "the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." *Id*. at 250 (quoting *Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015)). Further, "[u]nder Rule 29.15, arguments raised in a time-barred motion cannot be considered by our [c]ourt; we may . . . consider [only] the most current timely motion (the *pro se* motion in this case)." *Id*. at 249.

Here, however, the motion court's findings of fact and conclusions of law addressed only those claims raised in the untimely amended motion. And those claims were distinct from the claims raised in the *pro se* motion. Though the motion court acknowledged the claims in the *pro se* motion, it neither adjudicated nor disposed of them. And, "[w]hen a motion court fails to 'acknowledge, adjudicate, *and* dispose of all claims in its judgment,' then the judgment issued is not 'final,'" and the appeal must be dismissed. *Id*. at 250 (quoting *Green v. State*, 494 S.W.3d 525, 531 (Mo. banc 2016)) (emphasis added). Because the motion court here did not address the

---

[4] An untimely filed amended motion may still be considered by a motion court if the motion court finds that the movant was abandoned by post-conviction counsel. *Maguire*, 536 S.W.3d at 250. But our Supreme Court created the abandonment doctrine to "excuse the untimely filing of amended motions by *appointed* counsel under Rule 29.15(e)," and that doctrine does not apply where counsel is retained, rather than appointed. *Id*. (quoting *Gittemeier v. State*, 527 S.W.3d 64, 69 (Mo. banc 2017)) (emphasis added).

distinct claims raised in the only timely filed motion (the *pro se* motion), its judgment is not final, and this appeal must be dismissed.

## Conclusion

Because there is no final, appealable judgment, we dismiss this appeal for lack of appellate jurisdiction.

_____
Karen King Mitchell, Presiding Judge

Gary D. Witt and Anthony Rex Gabbert, Judges, concur.