Robert REED, Appellant,

v.

STATE of Missouri, Respondent.

No. 56598.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 19, 1989.

Laurence G. Schmidt, Public Defender, Hillsboro, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Movant pleaded guilty to the offense of burglary in the second degree and was sentenced as a persistent offender to twelve years imprisonment. On January 14, 1988, movant was delivered to the Missouri Department of Corrections. On September 20, 1988, movant filed a Rule 24.035 motion claiming ineffective assistance of counsel. The motion was denied because it was filed more than ninety days after movant was delivered to the department of corrections and was thus untimely filed. Rule 24.035(b).

Movant now appeals, claiming that because the trial court did not advise him of his right to file a 24.035 motion within ninety days, the trial court should have exercised its discretion under Rule 44.01 to enlarge the time for filing. Our Supreme Court has recently stated in *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989), that the time limitations of Rules 24.035 and 29.15 are mandatory. While Rule 29.-07(b)(4) indicates a trial judge should inform a movant of his right to a Rule 24.035 or 29.15 motion, there is no indication in the rules or case law that failure to do so overrides the mandatory time limitations. In addition, the rule does not require the sentencing court to specifically advise defendant of the ninety day time limit. The motion court correctly held that movant failed to file a timely motion and thus the court had no jurisdiction to address the claim.

Because we hold that the motion was not timely, we need not address movant's second point, claiming he was entitled to an evidentiary hearing.

The judgment is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.