Marvin Virgil HAWKINS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 43346.

Missouri Court of Appeals,
Western District.

April 23, 1991.

Robert G. Duncan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

KENNEDY, Judge.

This is an appeal by movant from the trial court's dismissal, on the ground of untimely filing, of movant's Rule 29.15 motion.

The motion, which alleged ineffective assistance of trial counsel, sought relief from a felony conviction for possession of cocaine which was affirmed at 760 S.W.2d 926 (Mo.App.1988). The transcript in the original appeal was filed in this court on July 14, 1988. By the terms of Rule 29.-15(b), the motion was required to be filed within 30 days thereafter. "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15." Rule 29.15(b).

Numerous cases have held that the time limitations for filing Rule 29.15 motions are valid and mandatory, and that tardy filing is irremediable. *See, e.g., Antwine v. State,* 791 S.W.2d 403, 406 (Mo. banc 1990), *cert. denied,* — U.S. ——, 111 S.Ct. 769, 112 L.Ed.2d 789 (1991); *Amrine v. State,* 785 S.W.2d 531, 533 (Mo. banc 1990), *cert. denied,* — U.S. ——, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990); *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied,* — U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

Movant's argument in the present case is based upon the sentencing court's failure to comply with two requirements of Rule 29.07(b)(4), specifically the sentencing court's failure to advise movant of his right to proceed under Rule 29.15, and the sentencing court's failure to examine him with respect to the assistance of counsel received by him and to determine whether probable cause existed to believe he had received ineffective assistance of counsel. Movant argues the sentence should be vacated and the cause remanded for resentencing, including compliance with Rule 29.07(b)(4), after which movant could file a timely Rule 29.15 motion, with the aid of other counsel if the sentencing court should find probable cause that movant had received ineffective assistance of trial counsel. Movant cites *Turnage v. State,* 782 S.W.2d 755 (Mo.App.1989), where the sentencing court had failed to advise defendant of his right to appeal as required by Rule 29.07(b)(3), and the court remanded the case for resentencing in order to allow movant there to file a timely appeal.

There is a certain plausibility in movant's argument, but it is no match for the emphasis which our cases have placed upon the inelasticity of the time limitations of Rule 29.15. Appeals are viewed with more indulgence.

The interrelationship of Rule 29.07 with Rule 29.15 was considered in *Reed v. State*, 781 S.W.2d 573 (Mo.App.1989). Said the court: "While Rule 29.07(b)(4) indicates a trial judge should inform a movant of his right to a Rule 24.035 or 29.15 motion, there is no indication in the rules or case law that failure to do so overrides the mandatory time limitations. In addition, the rule does not require the sentencing court to specifically advise defendant of the ninety day time limit. The motion court correctly held that movant failed to file a timely motion and thus the court had no jurisdiction to address the claim."

Judgment affirmed.

All concur.