John Henry DREWEL, Appellant,

v.

STATE of Missouri, Respondent.

No. 60822.

Missouri Court of Appeals,
Eastern District,
Division Five.

June 2, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Gary E. Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

In March, 1988, movant pleaded guilty to one count of second degree burglary and one count of stealing in Gasconade County. At the same hearing, movant waived a presentence investigation and was sentenced to consecutive terms of seven years on each count. However, pursuant to § 217.-775.2 RSMo.1986 (repealed), the trial judge ordered movant to be committed for one hundred-twenty days, after which the judge would decide whether movant should be released on probation or serve the full term. Movant was delivered to the Missouri Department of Corrections on May 3, 1988 to begin serving his sentence. In accordance with the trial judge's order, movant was released on probation on August 1, 1988, after serving ninety days.

In February, 1990, movant was returned to the custody of the Missouri Department of Corrections to serve two concurrent three-year sentences for burglaries in Franklin County. Movant's probation for the May, 1988 sentence was not revoked at that time. In May, 1990, a court in Osage County added a five-year sentence for burglary first degree as a prior and persistent offender to movant's other sentences. On June 18, 1990, movant's probation on his May, 1988 guilty plea in Gasconade County was revoked.

On July 9, 1990, movant filed a Rule 24.035 motion to correct the sentence entered after his guilty plea. The motion court denied movant's motion because it was filed out of time. Movant appeals.

In his first point, movant argues that the motion court erred in denying him relief because Rule 24.035 violates the due process clause of the United States and Missouri Constitutions in that movant was denied the opportunity to pursue a Rule 24.035 motion because the trial court erred in failing to inform him of his right to proceed with such a motion as required by Rule 29.07(b)(4).

Rule 24.035(b) requires a movant to file a motion within ninety days after movant is delivered to the custody of the Department of Corrections. Movant's 24.035 motion was filed more than two years after the date he was delivered to the Department of Corrections. The failure to file a motion within the time provided by 24.035 constitutes a complete waiver of movant's rights under the rule. Rule 24.035(b). Accordingly, the motion court should have dismissed the motion immediately and should not have reached the merits of the motion. *Suman v. State*, 783 S.W.2d 525, 526 (Mo.App.1990).

It is irrelevant that movant only served ninety days of his sentence before being placed on probation. Rule 24.035 has clear time limits for filing and provides for no exceptions. Moreover, movant began his sentence with the possibility that the trial judge would not grant him probation after ninety days and leave him to serve his entire sentence.

Nevertheless, movant argues that he should be entitled to file his motion out of time because the trial court violated Rule 29.07(b)(4) by failing to inform him of his right to proceed under Rule 24.035 at his sentencing. This exact issue was decided in *State v. Reed*, 781 S.W.2d 573 (Mo. App.1989). The *Reed* court noted that the time limitations in Rule 24.035 and 29.15 are mandatory and that a failure to advise movant of the right to proceed under those rules in violation of 29.07(b)(4) does not override these mandatory time limits. *Id.* Similarly, in *Hawkins v. State*, 807 S.W.2d

214 (Mo.App.1991), noting the "emphasis which our cases have placed on the inelasticity of the time limitations of Rule 29.15," the court rejected an argument that the failure of the sentencing court to give the admonition required under Rule 29.07(b)(4) should excuse the untimely filing of a Rule 29.15 motion.

Movant's claim that he did not know about the availability of post-conviction relief because of the court's error is without merit. In *Cheek v. State*, 776 S.W.2d 66, 67–68 (Mo.App.1989), the court found that ignorance of the law has repeatedly been held to be no excuse for a movant's failure to timely assert claims for post-conviction relief. Point denied.

Since movant's motion was filed out of time, we need not address movant's second point on appeal which reaches the merits of his Rule 24.035 motion.

The order of the motion court denying movant's motion because it was filed out of time is affirmed.

SIMON and SATZ, JJ., concur.