

# In the
# Missouri Court of Appeals
## Western District

MICHAEL GENE GUNN,

        Appellant,

v.

STATE OF MISSOURI,

        Respondent.

WD78003

OPINION FILED:

December 15, 2015

---

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Charles H. McKenzie, Judge**

**Before Division Two:**
**Mark D. Pfeiffer, P.J., Lisa White Hardwick, and James Edward Welsh, JJ.**

Michael Gene Gunn appeals the circuit court's dismissing his Rule 29.15 motion for post-conviction relief as untimely filed. Gunn asserts that his untimely filing should have been excused because his direct appeal counsel failed to notify him when this court issued its mandate on the direct appeal. We affirm.

After a bench trial, the circuit court found Gunn guilty of two counts of murder in the second degree, two counts of robbery in the first degree, and four counts of armed criminal action. The circuit court sentenced Gunn to 25 years' imprisonment on each count of murder in the second degree, 20 years' imprisonment on each count of robbery in the first degree, and 50

years' imprisonment on each count of armed criminal action. The circuit court ordered the sentences on the murder in the second degree counts to run consecutively to each other but concurrently to the other sentences, which were ordered to run concurrently to each other. Gunn appealed his convictions to this court, and we issued a per curiam order affirming Gunn's convictions and sentences. *State v. Gunn*, 391 S.W.3d 10 (Mo. App. 2012). We issued our mandate on February 27, 2013.

Nearly nine months later, on November 20, 2013, Gunn filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. On January 27, 2014, the circuit court appointed counsel to represent Gunn and gave counsel 90 days to file an amended post-conviction motion. On February 21, 2014, appointed counsel filed a motion to rescind the order appointing counsel. The motion to rescind alleged that, because Gunn had filed his *pro se* motion 266 days after the direct-appeal mandate was issued, Gunn's *pro se* motion was untimely filed. On March 3, 2014, appointed counsel moved to withdraw the motion to rescind, and the circuit court granted the motion to withdraw the motion to rescind.

On April 25, 2014, appointed counsel filed an amended motion, alleging that trial and appellate counsel were ineffective for failing to challenge the sufficiency of the evidence to support his convictions on Counts 5-8 for murder in the second degree, armed criminal action, robbery in the first degree, and armed criminal action. On April 30, 2014, appointed counsel filed a motion requesting that the circuit court treat Gunn's initial *pro se* motion as timely filed. Gunn acknowledges that the *pro se* motion had been filed more than 90 days after the mandate on direct appeal, but Gunn alleged that direct appeal counsel "did not provide [him] a copy or notify him that mandate had issued." Gunn said that he "was without knowledge that mandate had been issued; consequently, not knowing the deadline to file his Form 40." Gunn asserted

2

that direct appeal counsel had "notified [him] by letter, on December 4, 2012 [that] she would instruct him when to file his Form 40." Gunn, therefore, alleged that "[i]n effect, [his] direct appeal counsel's misfeasance resulted in third party interference; preventing the timely filing of [his] Form 40."

On June 27, 2014, the circuit court held an evidentiary hearing. Gunn's appellate counsel testified at the hearing and said that it was her practice to keep clients informed of activity in their cases. She testified that, based on a review of her records, it appeared that she had not informed Gunn that his convictions and sentences had been affirmed. She said that her ordinary practice is to advise clients that they have 90 days from the date of the mandate to file a post-conviction motion but stated that she did not recall doing that in Gunn's case. She said that a review of her records revealed that she did not write to Gunn after the mandate issue but that it had been her intent to inform Gunn when the mandate issued.

Gunn testified at the hearing and said that his direct appeal counsel "pretty much wrote [him] a letter stating that, when [the] time comes [to file a post-conviction motion], [she would] let [him] know." He said that he believed his direct appeal counsel sent him a copy of the decision handed down on direct appeal but that counsel told him that she was filing post-opinion motions and an application for transfer and that she would tell him when the case was finally over. Gunn testified that counsel never sent him a copy of the mandate. He stated that when he later called to check and see what was going on with the case, a person from the Public Defender's Office told him to go ahead and file a post-conviction motion even though it was "266 days late."

On August 25, 2014, the circuit court dismissed Gunn's motion as untimely filed. The court concluded that Gunn's "reasons for not filing the motion timely are not within the

3

parameters afforded by the 'Third Party Interference' exception." The court found that Gunn "did not do all that he could do to ensure that a timely motion was filed." Gunn appeals.

Our review of the circuit court's ruling on a Rule 29.15 motion is limited to determining whether its findings and conclusions are clearly erroneous. Rule 29.15(k). The circuit court's findings are presumed to be correct. *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013). Findings and conclusions are clearly erroneous only if, after reviewing the record, we are "left with a definite and firm impression that a mistake has been made." *Id*.

In his sole point on appeal, Gunn contends that the circuit court clearly erred in dismissing his Rule 29.15 motion as untimely. He asserts that the untimely filing of his *pro se* motion should have been excused because it fell within a recognized exception to the post-conviction filing time limits when the untimely filing is due to "third party interference." Gunn maintains that the late filing of his motion was due to his appellate counsel's failure to follow through with her assurance to notify him when the direct appeal mandate was issued and to assist him in the filing of his post-conviction motion.

Where an inmate is convicted following a trial and his conviction is affirmed on appeal, the initial post-conviction motion must be filed within ninety days of the appellate court's mandate. Rule 29.15(b). The failure to file a motion within the time provided constitutes a "complete waiver" of any right to proceed under the Rule. *Id*. If a Rule 29.15 motion is not timely filed, the circuit court must dismiss it without addressing the merits. *Talley v. State*, 399 S.W.3d 872, 875 (Mo. App. 2013). A post-conviction motion is considered "filed" when it is deposited with the circuit court clerk. *Miller v. State*, 386 S.W.3d 225, 227 (Mo. App. 2012).

In addition to proving his substantive claims, a post-conviction movant also must show that he filed his motion within the time limits provided. *Dorris v. State*, 360 S.W.3d 260, 267

4

(Mo. banc 2012). As explained in *Dorris*, one way a movant can meet this burden is by "alleging and proving by a preponderance of the evidence" that he falls within a recognized exception to the time limits. *Id*. While the Rule itself does not carve out exceptions that excuse late filings, court decisions have created two: (1) when post-conviction counsel abandons the movant; and (2) in the rare set of circumstances where the reason for the late filing is beyond the movant's control. *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010). Gunn claims that his circumstance falls within the second exception. The Missouri Supreme Court, however, describes this rare circumstance as occurring when "an inmate writes his initial post-conviction motion and takes every step he reasonably can within the limitations of his confinement to see that the motion is filed on time, [but] the active interference of a third party beyond the inmate's control frustrates those efforts and renders the inmate's motion untimely." *Price v. State*, 422 S.W.3d 292, 302 (Mo. banc 2014).

In this case, Gunn failed to prove that he did everything he reasonably could do to timely file his post-conviction motion or that he was prevented from timely filing the motion by the "active interference" of his appellate counsel. No evidence existed that Gunn drafted his motion within the time limits of Rule 29.15, that he took steps to meet or even calculate the due date of the motion, or that appellate counsel did anything to prevent him from filing the motion. *See id*.

Indeed, the Missouri Supreme Court has held that "appellate counsel has no obligation to notify the defendant of his post-conviction rights under Rule 29.15 or of the mandate's issuance." *Moore*, 328 S.W.3d at 703. Gunn asserts, however, that his case differs from *Moore* because his appellate counsel assumed the duty to inform him of the mandate's issuance when she explicitly communicated to him that she would tell him when to file his post-conviction motion. But, in *Price*, the Missouri Supreme Court made clear that the "active interference" requires more than

5

an error committed by an attorney purporting to advise or represent the defendant in a post-conviction case. *Price*, 422 S.W.3d at 292.

In *Price*, retained post-conviction counsel was mistaken about the post-conviction deadline and did not timely file an initial post-conviction motion. *Id*. at 295. The circuit court found that post-conviction counsel had "actively interfered with the defendant's ability to file a *pro se* 29.15 motion by assuring the defendant, directly and indirectly, that he would timely prepare and file the motion on the defendant's behalf. *Id*. The Missouri Supreme Court reversed that finding and found that there was no active interference by counsel. *Id*. at 303. The Court observed, "Price did not write his initial post-conviction motion and took no steps to meet (or even calculate) the applicable filing deadline for his motion. Instead, . . . the only action Price took with regard to these responsibilities was to retain counsel to fulfill them on his behalf." *Id*. at 302. The Court acknowledged, "Price is entitled to retain counsel for that purpose, but, by doing so, he took the same risk that every other civil litigant takes when retaining counsel, i.e., he chose to substitute counsel's performance for his own and bound himself to the former as though it were the latter." The Court further stated that, even in circumstances where counsel grossly breaches his duties to a client, the courts are not "responsible for this breach and have no obligation to remedy it." *Id.* at 303.

The same is true in this case. Gunn took no reasonable steps to file his post-conviction motion within the time limits. He merely waited and relied on his appellate counsel to tell him when the mandate issued and to fulfill his responsibility to timely file the motion. Gunn failed to prove that he was prevented from timely filing his post-conviction motion because of the active

6

interference of a third party. The circuit court, therefore, did not clearly err in dismissing Gunn's post-conviction motion as untimely filed.

We affirm the circuit court's judgment.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.