

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| ANDRE MITCHELL, | ) | No. ED107953 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1722-CC01385 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Joseph P. Whyte |
| | ) | |
| Respondent. | ) | Filed: June 23, 2020 |

James M. Dowd, P.J., Gary M. Gaertner, Jr., J., and Robin Ransom, J.

### Introduction

Andre Mitchell appeals the trial court's dismissal of his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing following Mitchell's guilty plea to second-degree murder, armed criminal action, and unlawful possession of a firearm. On appeal, Mitchell asserts that the trial court erred by dismissing his motion without an evidentiary hearing because although his original *pro se* motion was untimely filed, his circumstances satisfied one of the recognized exceptions to Rule 24.035(b)'s filing deadline. We disagree and affirm.

### Background

On April 17, 2015, Mitchell's friend Brandon Vance was shot and killed. Twelve days later, at Vance's funeral, Mitchell saw the man rumored to have killed Vance, Curtis Crawford.

---

[1] All references are to the Missouri Supreme Court Rules (2017).

When Mitchell saw Crawford again the next day, he shot Crawford multiple times, killing him. Mitchell claimed afterwards that he was still so upset by the killing of his friend that he became overwhelmed with "extreme rage."

Mitchell was charged with one count of first-degree murder, one count of armed criminal action, and two counts of unlawful possession of a firearm. In exchange for Mitchell's guilty pleas, the State agreed to amend the first-degree murder charge to a second-degree murder charge and to recommend concurrent sentences of life imprisonment with the possibility of parole for the second-degree murder charge, thirty years for the armed criminal action charge, and seven years for each unlawful possession count.

On November 14, 2016, Mitchell, represented by counsel, appeared before the court and pled guilty to all four counts. He was delivered to the custody of the Department of Corrections on November 23, 2016. Mitchell filed his Rule 24.035 motion for post-conviction relief on May 23, 2017. Thereafter, the motion court appointed counsel to represent Mitchell and granted a thirty-day extension to Mitchell to file an amended motion, which he did on October 31, 2017. In his amended motion, Mitchell alleged his plea counsel was ineffective by (1) failing to reach a plea agreement with a lesser sentence than life imprisonment; (2) failing to advise Mitchell of the viability of proceeding to trial with a defense theory that he was guilty of voluntary manslaughter; and (3) coercing him to plead guilty based on counsel's statements that the State would be able to prove his guilt with ease and the strong likelihood that he would receive a life sentence without the possibility of parole. Mitchell also requested an evidentiary hearing.

On May 9, 2019, the motion court issued its judgment dismissing Mitchell's Rule 24.035 motion without an evidentiary hearing because he failed to file his original *pro se* motion within

the 180-day time limit under Rule 24.035(b). Nevertheless, the court addressed the merits of Mitchell's amended motion finding against him on all claims. This appeal follows.

## Standard of Review

A motion court's findings of fact and conclusions of law are presumed correct. *Mitchell v. State*, 510 S.W.3d 366, 370 (Mo. App. E.D. 2017) (citing *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991)). Appellate review of motions for post-conviction relief is limited to whether the findings and conclusions of the motion court are clearly erroneous. *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000). Findings and conclusions are clearly erroneous when a full review of the record definitely and firmly reveals a mistake has been made. *Id.*

## Discussion

I. *Mitchell's post-conviction motion was untimely and no exception applies.*

Rule 24.035(b) required Mitchell to file his initial motion for post-conviction relief within 180 days of the date he was delivered to the custody of the Department of Corrections. "Failure to file [his] motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b).

The phrase "complete waiver" here establishes a total, absolute relinquishment of a legal right. *Dorris v. State*, 360 S.W.3d 260, 267-68 (Mo. banc 2012). Missouri courts consistently find that the post-conviction-relief rules contain strictly enforced time constraints which, if not followed, procedurally bar consideration of a movant's claims. *Id.* at 268; *see also Price v. State*, 422 S.W.3d 292, 302 (Mo. banc 2014) and *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

The Missouri Supreme Court, however, has recognized rare circumstances in which such tardiness may be excused. *Price*, 422 S.W.3d at 301; *Propst v. State*, 535 S.W.3d 733, 735 (Mo.

3

banc 2017). Specifically, when an inmate prepares the motion and does all he reasonably can do to ensure that it is timely filed under Rule 24.035, any tardiness that results solely from the active interference of a third party beyond the inmate's control may be excused and the waiver imposed by Rule 24.035 not enforced. *Id.*

Here, the parties agree that Mitchell failed to file his *pro se* motion within the 180-day time limit under Rule 24.035(b). He was delivered to the Missouri Department of Corrections on November 23, 2016, making his Rule 24.035 motion due on May 22, 2017. He filed his motion one day late on May 23, 2017. Mitchell now raises on appeal that his failure to file his *pro se* motion within Rule 24.035's time limitation did not waive his right to proceed under Rule 24.035 because the untimeliness of his motion was through no fault of his own but was caused by the active interference of correctional officers who mailed his motion four days after he gave it to them, causing him to miss the filing deadline by one day.

We reject Mitchell's argument on procedural grounds. The time limits of Rule 24.035 are constitutional and mandatory and represent a strict guideline for the filing of post-conviction motions. *Mitchell v. State*, 14 S.W.3d 672, 673 (Mo. App. E.D. 2000); *see also Dorris*, 360 S.W.3d at 267. Thus, when a movant files a motion for post-conviction relief under Rule 24.035, he or she must allege facts establishing that the motion was timely filed and he satisfies that burden of proof by: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in the original *pro se* motion that he or she falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in the amended motion that the court misfiled the original *pro se* motion. *Dorris*, 360

4

S.W.3d at 267. Any allegations or issues that are not raised in the Rule 24.035 motion are waived on appeal. *State v. Clay*, 975 S.W.2d 121, 141 (Mo. banc 1998).

So, since Mitchell failed to timely file his initial motion and failed to allege any facts in either his original *pro se* motion or in his amended motion showing that he qualified for one of the recognized exceptions to the Rule 24.035(b)'s filing deadline, he has waived his right to proceed under Rule 24.035 on any claim that he could have raised in such a motion. *See Lenoir v. State*, 475 S.W.3d 139, 142 (Mo. App. E.D. 2014) and *Green v. State*, 481 S.W.3d 589, 592 (Mo. App. S.D. 2015). We therefore have no authority to consider the merits of Mitchell's Rule 24.035 amended motion, including his claim of ineffective assistance of counsel based on counsel's alleged failure to advise him of the viability of proceeding to trial on the defense theory that he was guilty of voluntary manslaughter, not second-degree murder, a claim he also seeks to assert in his third point on appeal here. *See Miley v. State*, 559 S.W.3d 97, 99 (Mo. App. E.D. 2018).

Moreover, Mitchell's request for remand on the basis of newly-discovered evidence of third-party interference is without merit because Mitchell failed to raise this claim in his amended motion for post-conviction relief resulting in a waiver of this claim. *Dorris*, 360 S.W.3d at 268 ("[T]he [post-conviction-relief] rules contain strictly enforced time constraints which, if not followed, procedurally bar consideration of a movant's claims."). The fact that Mitchell's original *pro se* motion was filed untimely—allegedly due to active interference by correctional officers in the mailroom—was discoverable by counsel prior to filing the amended motion. Thus, Mitchell's failure to include this allegation in the amended motion constituted a wavier of his right to proceed under Rule 24.035, and Mitchell's request for remand is denied.

*II.    Mitchell's abandonment argument.*

We turn next to Mitchell's argument that his appointed counsel abandoned him by failing to allege in the amended motion that the untimely filing of Mitchell's initial *pro se* motion should be excused because it fell within the third-party interference exception.

Abandonment occurs when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner. *Barnett v. State*, 103 S.W.3d 765, 774 (Mo. banc 2003). In *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010), the Supreme Court added a third type of abandonment which occurs "when post-conviction counsel's overt actions prevent the movant from filing the original motion timely."

Here, Mitchell's claim—that counsel failed to allege the third-party interference exception in the amended motion—does not fall under any of the three recognized situations of abandonment in Missouri. As such, Mitchell's claim under the abandonment doctrine fails. If there is any claim for failure to allege facts supporting the active third-party interference exception, the claim stems not from counsel's abandonment of Mitchell, but instead from what amounts to a non-cognizable allegation of ineffective assistance of post-conviction counsel. *Taylor v. State*, 254 S.W.3d 856, 858 (Mo. banc 2008) ("Claims of abandonment are reviewed carefully to ensure that the true claim is abandonment and not a substitute for an impermissible claim of ineffective assistance of post-conviction counsel."). Accordingly, we deny Mitchell's

6

contention that we remand this case to the motion court to determine whether appointed counsel abandoned him.

## Conclusion

For the reasons set forth above, we affirm the judgment of the motion court.

_____
James M. Dowd, Presiding Judge

Gary M. Gaertner, Jr., J., and
Robin Ransom, J. concur.