

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| RICHARD D. MCNABB, II, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| v. | ) | No. SD36139 |
| | ) | Filed: July 23, 2020 |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY

Honorable John LePage, Special Judge

**<u>VACATED AND REMANDED WITH DIRECTIONS</u>**

Richard McNabb, II (McNabb) appeals from an order denying his amended Rule 29.15 motion to set aside his convictions for the class A felony of sexual exploitation of a minor, and the class D felony of sexual misconduct involving a child.[1]  *See* § 573.023 RSMo (2000); § 566.083 RSMo Cum. Supp. (2006).  The motion court decided that McNabb's *pro se* motion should be treated as timely filed because McNabb was not properly given notice of his rights pursuant to Rule 29.15 at his sentencing hearing.  Thereafter, the motion court denied relief on the merits after conducting an evidentiary

---

[1]  All references to rules are to Missouri Court Rules (2015).

hearing. Because McNabb's *pro se* motion was not timely filed and he did not plead or prove that he fell within a recognized exception to the timing requirement in Rule 29.15(b), he completely waived his right to proceed under that rule. Accordingly, we vacate the order denying relief on the merits and remand the case with directions to dismiss the *pro se* motion as untimely filed.

**Factual and Procedural Background**

Following a jury trial, McNabb was found guilty of the aforementioned charges. During sentencing, the trial court examined McNabb under oath about the performance of his various attorneys. The court made a finding that there was no probable cause to believe McNabb had received ineffective assistance of counsel. *See* Rule 29.07(b)(4). The judge said nothing to McNabb about the time limits for filing a Rule 29.15 post-conviction motion. On direct appeal, this Court affirmed McNabb's convictions on September 17, 2015, in an unpublished order and statement. Mandate issued on October 5, 2015.

On December 19, 2017, McNabb filed a *pro se* Rule 29.15 motion. The motion alleged that he had been abandoned by private counsel, who was supposed to file the post-conviction relief motion for McNabb.

On May 14, 2018, a public defender entered her appearance for McNabb. On May 24, 2018, McNabb's counsel filed a motion to consider his Form 40 as if it had been timely filed. This motion alleged that: (1) McNabb had been abandoned by private counsel, who was supposed to file McNabb's Rule 29.15 motion; and (2) this fell within the third exception in *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010), because post-conviction counsel's overt actions prevented McNabb from timely filing his *pro se* motion.

On August 3, 2018, the motion court held a hearing on the timeliness issue. The hearing does not appear to have been recorded. In relevant part, the motion court stated in a docket entry: "Court finds [McNabb] was not properly given notice of 29.15 rights and so timely filing of form 40 excused." Three days later, McNabb's counsel filed an amended Rule 29.15 motion. In footnote 3 of the amended motion, counsel stated: "On August 3, 2018, McNabb's attorney appeared at a hearing to consider his late Form 40 as timely filed. After reviewing the sentencing hearing, the Court found that McNabb was not properly informed of his 29.15 rights at sentencing so the Court allowed McNabb to file this Amended Motion." Thereafter, the motion court took up the amended motion on the merits and denied relief after an evidentiary hearing. This appeal followed.

**Discussion and Decision**

A movant seeking Rule 29.15 relief must plead and prove that his *pro se* motion was timely filed. *See **Dorris v. State***, 360 S.W.3d 260, 267 (Mo. banc 2012).

> The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Id*. The filing deadline for Rule 29.15 relief is mandatory and cannot be waived. *See **Watson v. State***, 536 S.W.3d 716, 717 (Mo. banc 2018). The motion court and the appellate court each have a duty to enforce the mandatory time limits in Rule 29.15(b). ***Price v. State***, 422 S.W.3d 292, 297 (Mo. banc 2014); ***Robinson v. State***, 592 S.W.3d 406, 409 (Mo. App. 2020). "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a

3

complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." Rule 29.15(b). A motion court lacks the authority to review the merits of an untimely *pro se* motion and must dismiss it. ***Brooks v. State***, 516 S.W.3d 442, 444 (Mo. App. 2017); ***Gunn v. State***, 484 S.W.3d 106, 109 (Mo. App. 2015).

McNabb unsuccessfully appealed his conviction, so he was required to file his *pro se* Rule 29.15 motion "within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." Rule 29.15(b). Mandate was issued by this Court on October 5, 2015. The 90th day was Sunday, January 3, 2016. Therefore, McNabb's *pro se* motion was due on January 4, 2016. *See* Rule 44.01(a); ***Green v. State***, 481 S.W.3d 589, 591 (Mo. App. 2015).

McNabb's *pro se* motion was filed on December 17, 2017, which was long after the due date. It was McNabb's burden to plead and prove the timeliness of this motion. ***Hall v. State***, 528 S.W.3d 360, 361-62 (Mo. banc 2017); ***Henson v. State***, 518 S.W.3d 828, 834 (Mo. App. 2017).[2] The amended motion alleged that McNabb's *pro se* motion should be treated as timely filed because the trial judge did not advise McNabb of the time limits for filing a Rule 29.15 motion during the sentencing hearing. The motion court held a hearing and reviewed the sentencing transcript before making its timeliness decision, so the proof requirements in ***Dorris*** and ***Hall*** were satisfied. *See* ***Dorris***, 360 S.W.3d at 267-

---

[2] The *pro se* motion and the initial public defender timeliness motion alleged abandonment by retained counsel. These allegations were insufficient to excuse an untimely filing for two reasons. First, the abandonment doctrine cannot be used to excuse an inmate's failure to timely file an initial Rule 29.15 motion. ***Price***, 422 S.W.3d at 301; ***Muhammad v. State***, 579 S.W.3d 291, 296 (Mo. App. 2019). Second, the abandonment doctrine does not apply to retained counsel. ***Gittemeier v. State***, 527 S.W.3d 64, 71 (Mo. banc 2017) (the abandonment doctrine applies only to situations involving appointed post-conviction counsel).

70; **Hall**, 528 S.W.3d at 362. The question on appeal, however, is whether these facts fall within a recognized exception to the Rule 29.15(b) timing requirements.

The timeliness statement in McNabb's brief argues that his *pro se* Rule 29.15 motion should be treated as timely filed under an existing or new exception to the timing requirement because it is required to satisfy due process.[3] The State argues that the *pro se* motion should have been dismissed as untimely. We agree with the State.

McNabb's first argument fails because a sentencing court's failure to inform a defendant of the filing deadlines for post-conviction relief does not excuse an untimely filing. *See* **Drewel v. State**, 835 S.W.2d 401, 402-03 (Mo. App. 1992); **Hawkins v. State**, 807 S.W.2d 214, 215 (Mo. App. 1991); **State v. Johnston**, 786 S.W.2d 220, 222-23 (Mo. App. 1990); **Reed v. State**, 781 S.W.2d 573, 573 (Mo. App. 1989).

In **Watson v. State**, 520 S.W.3d 423 (Mo. banc 2017), our Supreme Court addressed the issue of "what relief, if any, movants are entitled to when they rely on the circuit court's inaccurate recitation of the mandatory Rule 29.15 filing deadlines." *Id*. at 429. Before addressing that issue, our Supreme Court noted that "appellate court cases establish that movants are not entitled to relief when the circuit court provides little or no information about the filing deadlines." *Id*. After reviewing the four court of appeals decisions cited above, the Court stated that "the circuit court's failure to inform a movant of his or her

_____

[3] Our Southern District Special Rule 20(a) requires the appellant's brief in a Rule 29.15 appeal to "include a concise statement factually demonstrating the timely filing of both the movant's initial motion and any amended motion." *Id*. Special Rule 20(b) states: "If the respondent is dissatisfied with the accuracy or completeness of the appellant's timeliness statement, the respondent's brief may include a timeliness statement." *Id*.

rights under Rule 29.07(b) will not excuse a tardy post-conviction motion." *Id*. at 430.[4]  In

contrast, misinformation about appropriate post-conviction relief deadlines is treated very

differently.  In *Watson*, our Supreme Court held that:

> [T]his case presents a new, limited exception in which an untimely post-conviction motion will be excused when the circuit court misinforms a defendant about the appropriate deadlines to file his or her motion during the sentencing colloquy. Accordingly, this Court holds that, although Watson filed an untimely Rule 29.15 motion, the untimeliness is excused because the circuit court misinformed him about the appropriate deadlines to file his motion during his sentencing colloquy and he was entitled to rely upon this misinformation when determining the filing deadline.

*Id*. at 434.

The facts here show only that the sentencing court failed to inform McNabb about

the filing deadline for his Rule 29.15 motion.  Therefore, under existing law, McNabb did

not plead and prove that he fell within a recognized exception to the mandatory timing

requirement in Rule 29.15(b) for his *pro se* motion.  Whether a new exception should be

created based on these facts is for our Supreme Court, rather than this Court, to determine.

McNabb's due process argument fails because there is nothing in the record to show

that it was presented to the motion court, and the timing requirements in Rule 29.15(b) are

constitutional.  *See Lilly v. State*, 374 S.W.3d 390, 394 (Mo. App. 2012) (argument that

time limits in Rule 24.035 violate due process was not presented to the motion court and

could not be presented for the first time on appeal); *McFadden v. State*, --- S.W.3d ----,

2020 WL 1861425, at *16 (Mo. banc Apr. 14, 2020) (the requirement in Rule 29.15(b) that

---

[4]  McNabb argues that this statement is dicta because it was not essential to the decision.  While true, McNabb's argument ignores the fact that the *Watson* court accurately summarized the existing case law on failure to advise the defendant of the filing deadlines. We agree with those cases and likewise conclude that McNabb did not prove that he fell within an existing exception.

the *pro se* motion be filed within 90 days after issuance of mandate is reasonable and constitutional).

For all of the foregoing reasons, McNabb's *pro se* motion was not timely filed as required by Rule 29.15(b). Therefore, the motion court lacked the authority to review the merits and should have dismissed it as untimely. ***Brooks***, 516 S.W.3d at 445. Accordingly, the order denying relief on the merits is vacated. The cause is remanded with directions to the motion court to dismiss McNabb's *pro se* motion for Rule 29.15 post-conviction relief as untimely filed.

JEFFREY W. BATES, C.J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

DON E. BURRELL, J. – CONCUR