In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

TERRON D. POOL, ) No. ED108443
 )
 Appellant, ) Appeal from the Circuit Court
 ) of the City of St. Louis
vs. )
 ) Honorable Rex M. Burlison
STATE OF MISSOURI, )
 )
 Respondent. ) FILED: February 23, 2021

 Terron D. Pool (“Movant”) appeals the motion court’s judgment denying his Rule 29.151

amended motion for post-conviction relief after an evidentiary hearing. Because Movant’s pro se

Rule 29.15 motion was untimely, we vacate the motion court’s judgment and remand with

directions to dismiss the motion.

 Background

 Movant was convicted, following a jury trial, of second-degree murder and armed criminal

action. The trial court sentenced Movant to concurrent sentences of life imprisonment for second-

degree murder and 30 years for armed criminal action. This Court affirmed Movant’s convictions

and sentences on direct appeal in State v. Pool, 443 S.W.3d 44 (Mo. App. E.D. 2014), and issued

its mandate on October 16, 2014.

1
 All rule references are to the Missouri Supreme Court Rules (2015).
 On May 11, 2015, nearly seven months after this Court issued its mandate, Movant filed

an untimely pro se Rule 29.15 motion for post-conviction relief. See Rule 29.15(b). The motion

court appointed counsel to represent Movant. On August 18, 2015, Movant’s counsel filed an

amended motion, which sought relief on the basis that Movant’s trial counsel had been ineffective.

Movant also filed a motion to “allow him to proceed with his Rule 29.15 post-conviction cause,

despite the untimeliness of his pro se filing.” Attached to the motion was an affidavit from

Movant’s appellate counsel indicating that he failed to inform Movant of both the opinion and

mandate in his direct appeal until after the deadline had passed for Movant to file his pro se Rule

29.15 motion. In the affidavit, appellate counsel explained that he was assigned Movant’s direct

appeal after Movant’s initial appellate counsel withdrew from representing him. Attached to the

affidavit was a letter dated September 18, 2013 from Movant’s initial appellate counsel to Movant,

which stated, in part: “Your Form 40 will not be due until 90 days after the Court issues the

mandate. I will write and tell you when it is time to file the Form 40 if you wish to do so. Do not

file it before your appeal is over.”2

 At the evidentiary hearing, the motion court heard evidence regarding the reasons for the

untimely filing of the pro se motion. Appellate counsel testified that, although he had set up a

system with his secretary to send notices to clients as to developments in their cases, Movant was

not sent notification of the outcome of his appeal. He explained that he realized Movant had not

been notified “many months” after this Court issued its opinion in his direct appeal when one of

Movant’s family members called to check on the status of the case. He stated he then sent Movant

a letter notifying him about the end of the direct appeal and directing him to immediately file his

pro se Rule 29.15 motion.

2
 Form 40 is the form used to file a Rule 29.15 motion.

 2
 Movant likewise testified he was not notified when this Court issued its opinion in his

direct appeal and that he never received a copy of the mandate until after the time for filing his pro

se motion had expired. He explained that he did not timely file his pro se motion because he did

not know the direct appeal mandate had been issued. Movant testified he did not remember the

trial court informing him at sentencing of his obligations regarding the filing of his post-conviction

motion. Movant also stated he filed his pro se motion as soon as possible after appellate counsel

told him to file it.

 On October 8, 2019, the motion court issued its judgment, noting that “[t]he cases which

are closest to the facts of the instant case suggest that the late filing would not be excused by the

doctrine of third[-]party interference.” Nevertheless, the motion court stated that under the

circumstances it believed “the merits of the 29.15 motion should be addressed in the event that

appellate courts choose to consider [the merits] of Movant’s Amended Motion.” The motion court

then reviewed the merits of the amended motion and denied relief. This appeal follows.

 Standard of Review

 “Review of a Rule 29.15 judgment is limited to a determination of whether the motion

court’s findings of fact and conclusions of law are clearly erroneous.” Moore v. State, 328 S.W.3d

700, 702 (Mo. banc 2010). “Findings and conclusions are clearly erroneous if, after reviewing the

entire record, there is a definite and firm impression that a mistake has been made.” Id.

 Discussion

 Rule 29.15(b) provides that a motion for post-conviction relief must be filed within 90 days

of the date the appellate court issues its mandate affirming the judgment. Failure to file the motion

by that deadline constitutes a “complete waiver of any right to proceed under [the rule].” Rule

 3
29.15(b). Movant contends his late filing should be excused because it was the result of “active

interference” from appellate counsel.

 The Supreme Court of Missouri has recognized a limited exception to the mandatory 90-

day time limit for filing an initial post-conviction motion where there is “third-party interference”

as to the filing of the pro se motion. See Price v. State, 422 S.W.3d 292, 301 (Mo. banc 2014).

This exception only applies when (1) an “inmate prepares the motion and does all he reasonably

can do to ensure that it is timely filed” and (2) any tardiness “results solely from the active

interference of a third party beyond the inmate’s control.” Id. In other words, when an inmate

writes his or her initial post-conviction motion and takes every step he or she reasonably can within

the limitations of confinement to see that the motion is timely filed, “a motion court may excuse

the inmate’s tardiness when the active interference of a third party beyond the inmate’s control

frustrates those efforts and renders the motion untimely.” Id. at 302. “‘[A]ctive interference’

requires more than an error committed by an attorney purporting to advise or represent the

defendant in a post-conviction case.” Gunn v. State, 484 S.W.3d 106, 110 (Mo. App. W.D. 2015).

 For example, in Price, the court found that counsel’s mistaken advice that the movant had

180 days after the mandate on appeal to file his pro se motion did not amount to third-party

interference, noting that the movant had not done all he could do to ensure the timely filing of the

motion. 422 S.W.3d at 301-07. In Propst v. State, 535 S.W.3d 733, 735-37 (Mo. banc 2017), the

court rejected a claim that a public defender’s failure to timely file an initial motion drafted by the

public defender amounted to third-party interference, finding that the movant’s failure to prepare

an initial motion himself and to do “all he could have reasonably done to ensure that it was filed

on time” defeated his claim. And in Gunn, the court held the third-party interference exception

did not apply even though the movant argued his counsel “assumed the duty to inform him of the

 4
mandate’s issuance when she explicitly communicated to him that she would tell him when to file

his post-conviction motion.” 484 S.W.3d at 109-10. In rejecting that argument, the court

emphasized that the movant “took no reasonable steps to file his post-conviction motion within

the time limits” and instead “merely waited and relied on his appellate counsel to tell him when

the mandate issued and to fulfill his responsibility to timely file the motion.” Id. at 110.

 Here, like the movants in Price, Propst and Gunn, Movant presented no evidence that he

took any action to draft his pro se motion or “to meet (or even calculate) the applicable filing

deadline for his motion.” Price, 422 S.W.3d at 302. Movant instead waited until appellate counsel

told him his appeal was concluded—well after the deadline for filing his pro se motion—before

attempting to comply with Rule 29.15. Movant attempts to distinguish these cases by emphasizing

that his initial appellate counsel sent him a letter promising to tell him when it was time to file his

pro se motion and directing him to not file it before his appeal was over. But “even in

circumstances where counsel grossly breaches his duties to a client, the courts are not ‘responsible

for this breach and have no obligation to remedy it.’” Gunn, 484 S.W.3d at 110 (quoting Price,

422 S.W.3d at 303). Because Movant failed to plead or prove that he did all that he reasonably

could to prepare and timely file his pro se motion and that those efforts were thwarted by active

interference from appellate counsel, the third-party interference exception does not apply to excuse

the late filing of his pro se motion. See Propst, 535 S.W.3d at 735-37; Price, 422 S.W.3d at 301-

03; Gunn, 484 S.W.3d at 110.

 Because Movant's pro se Rule 29.15 motion was untimely, the motion court lacked

authority to consider the merits of the motion and should have dismissed it as untimely. See Brooks

v. State, 516 S.W.3d 442, 445 (Mo. App. E.D. 2017).

 5
 Conclusion

 The judgment of the motion court is vacated, and the case is remanded with directions to

the motion court to dismiss Movant’s Rule 29.15 motion for post-conviction relief.

 _______________________________
 MICHAEL E. GARDNER, Judge

Gary M. Gaertner, Jr., P.J., concurs.
Philip M. Hess, J., concurs.

 6