

# Missouri Court of Appeals

## Southern District

### Division One

GABRIEL A. PULLIAM,                )
                                   )
    Movant-Appellant,        )
                                   )
v.                                 )    No. SD37279
                                   )    Filed: April 29, 2022
STATE OF MISSOURI,                 )
                                   )
    Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Robert N. Mayer, Circuit Judge

### AFFIRMED

Gabriel Pulliam (Movant) appeals from an order dismissing his initial Rule 29.15 motion for post-conviction relief because it was not timely filed.[1]  Movant contends his motion should be treated as timely because he mistakenly believed that:  (1) he needed to file a certified copy of his Department of Corrections (DOC) account statement along with his motion; (2) DOC did not provide the account statement until after the filing deadline had passed; and (3) DOC's delay falls within the third-party-interference exception to the

---

[1]  All rule references are to Missouri Court Rules (2020).

timing requirements for an initial 29.15 motion.  We disagree.  Therefore, we affirm the order dismissing Movant's initial motion as untimely.

*Factual and Procedural Background*

After a jury found Movant guilty of delivery of a controlled substance, he appealed his conviction.  This Court affirmed.  Our mandate issued on September 28, 2020.  Because Movant appealed his conviction, his initial Rule 29.15 motion was due on December 28, 2020.  *See* Rule 29.15(b); Rule 44.01(a) (because the last day of the 90-day period fell on a Sunday, the motion was due by the end of the day on Monday); ***Green v. State***, 481 S.W.3d 589, 591 (Mo. App. 2015).

Movant's initial Rule 29.15 motion for post-conviction relief was filed by the Dunklin County Clerk on February 17, 2021.  It had been mailed, bearing Movant's return address, from the Missouri Eastern Correctional Center where he was incarcerated.  He used the standard Criminal Procedure Form No. 40, which he filled out by hand.  *See* Rule 29.15(b); Missouri Court Rules Form No. 40.  This form instructs a movant that, if he or she is seeking to proceed *in forma pauperis*, an affidavit must be provided "setting forth information that establishes that movant will be unable to pay costs of the proceedings."  Form No. 40 includes a Forma Pauperis Affidavit for that purpose.  In that attached affidavit, Movant asserted he had "no means to pay the filing fee in this matter" and was "proceeding in forma pauperis."  Right above Movant's signature, the affidavit stated: "Affiant, being first duly sworn, deposes and says that I have subscribed to the foregoing affidavit; that I know the contents thereof; and that the matters therein set forth are true."

2

In addition to using this standard form, Movant also attached a certified copy of his DOC account statement showing a zero balance. This account statement was followed by a handwritten document stating, in relevant part:

> the Account Balance which was requested several months ago has just been given to me. I refused to send the legal documents incomplete since the Account Balance is required. I am asking the Court to accept my 24.035 29.15 as if submitted in a timely manner. The Account Balance is notarized and sent from Central Office in Jefferson City. I pray that this being out of my control doesn't adversely affect me.

This handwritten statement was dated January 22, 2021.

Appointed counsel for Movant filed an amended motion. This motion alleged that Movant "honestly believed he needed to file a [DOC] account statement along with his *pro se* motion." The motion further alleged that, because Movant could not control when DOC provided the account statement, these circumstances fell within the timeliness exception for active interference by a third party.

The State filed a motion to dismiss the initial motion because it was untimely. After hearing arguments of counsel on the matter, the motion court granted the motion because Movant failed to timely file his initial motion. This appeal followed.

*Discussion and Decision*

Movant presents one point for decision. He contends the motion court erred by dismissing the initial motion because Movant pled a recognized exception to excuse untimeliness. He argues that his honest, mistaken belief that he needed to file a certified copy of his account statement, coupled with DOC's delay in providing that information to him, constituted third-party interference. We disagree.

3

The motion court concluded Movant failed to plead facts that would constitute a viable excuse for untimeliness based on third-party interference. We review that ruling for clear error. Rule 29.15(k); *Jones v. State*, 631 S.W.3d 682, 684 (Mo. App. 2021).

The filing deadline for Rule 29.15 relief is mandatory and cannot be waived. *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018). The motion court and the appellate court each have a duty to enforce the mandatory time limits in Rule 29.15(b). *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014); *Robinson v. State*, 592 S.W.3d 406, 409 (Mo. App. 2020). "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." Rule 29.15(b). A motion court lacks the authority to review the merits of an untimely initial motion and must dismiss it. *Brooks v. State*, 516 S.W.3d 442, 444 (Mo. App. 2017); *Gunn v. State*, 484 S.W.3d 106, 109 (Mo. App. 2015).

As noted above, the filing deadline for Movant's initial motion was December 28, 2020. The motion was not filed until February 17, 2021. A movant seeking Rule 29.15 relief must plead and prove that his initial motion was timely filed. *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012). One method of establishing timeliness of the initial motion is to allege and prove that the movant falls within a recognized exception to the time limits. *Id*. Movant's amended motion relied on the exception for third-party interference. The question on appeal is whether the facts alleged by Movant fall within this exception. The motion court decided that issue adversely to Movant. We agree with the motion court's ruling.

4

In ***Price v. State***, 422 S.W.3d 292 (Mo. banc 2014), our Supreme Court explained why the exception for active or third-party interference was adopted.  This exception:

> arises out of the practical reality that an inmate cannot comply with Rule 29.15 without relying on a third party to some extent.  [T]he initial motion under Rule 29.15(b) requires no legal expertise or assistance and is designed to be an informal filing that can be completed by an inmate acting alone.  But Rule 29.15(b) requires that the inmate "***shall file***" this motion in the sentencing court and an inmate, by definition, cannot comply with such a requirement on his own.  Instead, inmates – unlike nearly every other category of civil litigants – cannot initiate post-conviction proceedings without relying on the assistance of one or more third parties to take the motion from the inmate and deliver it to the circuit clerk for filing.

***Price***, 422 S.W.3d at 302 (emphasis in original).  This exception applies when:

> an inmate writes his initial post-conviction motion and takes every step he reasonably can within the limitations of his confinement to see that the motion is filed on time, a motion court may excuse the inmate's tardiness when the active interference of a third party beyond the inmate's control frustrates those efforts and renders the inmate's motion untimely.

*Id*.  This exception is "narrow."  ***Propst v. State***, 535 S.W.3d 733, 735 (Mo. banc 2017).  Cases applying it involve timely completion of the motion by the inmate, delivery of the motion to a third party for filing, and failure of the third party to do so timely.

In ***McFadden v. State***, 256 S.W.3d 103 (Mo. banc 2008), this exception was applied because the inmate completed his initial motion prior to the filing deadline and mailed it to his public defender, who had told the inmate to do so.  *Id*. at 105.  The public defender received the motion two weeks before the filing deadline, but filed it one day late.  Under these circumstances, the inmate did all he could to express an intent to seek relief under Rule 29.15 and would have filed his motion on time, but for the active interference of a third party.  *Id*. at 109.  The same was true in appellate court cases applying this exception.  *See, e.g.*, ***Fields v. State***, 541 S.W.3d 45, 50 (Mo. App. 2018) (inmate prepared motion before the deadline and mailed it to direct-appeal counsel, who filed it late);

*Williams v. State*, 415 S.W.3d 764, 766 (Mo. App. 2013) (same scenario involving direct-appeal counsel); *see also* **Lucious v. State**, 460 S.W.3d 35, 37 (Mo. App. 2015) (same scenario involving post-conviction counsel).

Here, neither the initial nor the amended Rule 29.15 motions alleged facts falling within the exception for third-party interference. There is no information concerning when Movant completed his Form No. 40, but the handwritten note was dated January 22, 2021. He did not deliver the form to a third party for filing, and no third party failed to timely file it. Instead, Movant chose not to file his Form No. 40 based on his mistaken belief that the DOC account statement had to be attached. Movant concedes in his brief that his belief was not correct. The Form No. 40 included a Forma Pauperis Affidavit, which Movant filled out and signed. Despite doing so, Movant decided not to file his Form No. 40 without the DOC account statement. Therefore, the motion court did not clearly err by dismissing the initial motion as untimely filed. *See* **Pool v. State**, 621 S.W.3d 640, 643 (Mo. App. 2021) (movant failed to plead and prove he did all he reasonably could to prepare and timely file his initial motion and that those efforts were thwarted by active interference of appellate counsel); **McDaniel v. State**, 608 S.W.3d 763, 770 (Mo. App. 2020) (movant alleged no facts showing that: he prepared his initial motion during the 90 days after mandate; he did all he reasonably could to ensure timely filing of his prepared motion; or a third party actively interfered with the timely filing of his prepared motion); **Smith v. State**, 520 S.W.3d 488, 492 (Mo. App. 2017) (inmate failed to plead and prove third-party interference because he did not mail his initial motion until after the deadline passed); **Gunn**, 484 S.W.3d at 109-10 (inmate failed to plead and prove third-party interference because he did not draft his motion within the deadline or take steps to meet or even

calculate the due date, and appellate counsel did nothing to prevent the timely filing of the motion).

Movant's point is denied, and the order dismissing the initial motion as untimely is affirmed.

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR